E. TURGEON CONSTRUCTION CO., INC. *vs.* LUIGI BARBATO.

DECEMBER 31, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This is an employee's appeal from a final decree entered in the superior court granting the employer's petition to review a preliminary agreement under the workmen's compensation act, general laws 1938, chapter 300.

It appears that on March 20, 1951 the respondent employee was injured by accident in the course of his employment; that a preliminary agreement for workmen's compensation was entered into between the parties and was approved by the director of labor on April 5, 1951; and that thereunder compensation at the rate of $28 per week during the employee's total incapacity was paid by the employer. The preliminary agreement described the cause of employee's injury as "twisted arm while picking up pail," and the injury which he sustained as "Sprain right shoulder."

On December 4, 1951 the employer filed with the director of labor a petition to review the agreement on the ground

that the employee's incapacity had diminished or ended. From a decision thereon that the employee was partially disabled and came within the odd-lot doctrine the employer appealed to the superior court. Between the filing of such appeal and the hearing of the case *de novo* in that court, some fifteen months elapsed due to various reasons, including the illness of employee's attorney. This delay made it necessary or desirable to have a further examination of the employee prior to the hearing, and the court appointed Dr. Ernest D. Thompson, who had previously examined him under appointment by the director of labor, to make an impartial medical examination.

Doctor Thompson testified in effect that he found no substantial atrophy involving the right shoulder region and none at the right upper or forearm; that the mild atrophy at the right posterior shoulder and scapula was evidently secondary to the *disuse* of the arm and shoulder; and that a few degrees of limitation in external rotation because of the presence of a slight calcification near the scapula was of a nature that would improve with use and was in no way incapacitating. From his observations, examinations, and a comparison between the findings he reported on December 22, 1951 and those made on the examination of April 21, which were reported May 6, 1953, he gave his opinion that "this patient had experienced the maximum benefit from the results of rest and therapy and that he should be able to return to his regular duties." In relation to whether the employee should return to lighter duties first, he testified that "there is no indication for further light duties"; that the employee was no longer suffering any incapacity from the injury described in the agreement; and that he was able to resume his regular work as a laborer.

On the other hand the employee and his physician, Dr. Joseph Badway, gave testimony to the general effect that the former was still suffering from the results of the original injury and that he was unable to resume his regular work.

At least their testimony tended to show that the employee had not wholly recovered, was still partially incapacitated, and could do only light work, which had not been offered to him by the employer.

A decree was entered in accordance with the trial justice's decision that the employee was no longer incapacitated from the injury described in the agreement. In support of the instant appeal therefrom, several contentions are made by the employee, but substantially they may be resolved into the claims (1) that there is no legal evidence to support the findings of the trial justice; (2) that the trial justice misconceived the evidence; and (3) that he misconceived the law governing the odd-lot doctrine.

From an examination of the transcript, it is clear that there was conflicting medical evidence on the issue of the employee's ability to perform his regular work as a laborer. The trial justice, in making his finding of fact, accepted and expressly agreed with Dr. Thompson's testimony that on April 21, 1953 the employee was able to resume his former occupation. In the circumstances it is clear that there was legal evidence to support the trial justice's finding that the employee had fully recovered and was no longer suffering from any disability as a result of the accident and injury sustained on March 20, 1951, as described in the preliminary agreement. In the absence of fraud, which is not claimed here, such finding becomes conclusive under the act.

But the employee further argues that in making this finding the trial justice misconceived the evidence in that Dr. Thompson merely testified the employee "should be able" to return to his regular work, and that he admitted there was some calcification near the shoulder and scapula and some atrophy or limitation of muscles in the arm. In this contention the employee singles out a phrase and ignores Dr. Thompson's testimony as a whole. In particular he overlooks the specific testimony in which the doctor, when asked in substance to explain what he meant by the phrase

in question, stated: "* * * he [the employee] has very satisfactory function at this time at the site of the injury which he experienced and he has a good functional result. I do not feel that he is unable to do work of a type he has been used to and I feel that he is able to do the regular type of work which he evidently has done in the past."

The other questions as to the presence of a mild atrophy, calcification and limitation, if they are properly related to the injury in question, were explained by the doctor as not incapacitating. In the circumstances the contentions as to them in any event go to the weight of the evidence which is for the trial justice and not for this court to determine. *Parmentier* v. *Moore Fabric Co.*, 71 R. I. 369. Clearly the trial justice did not misconceive the evidence on this issue.

The employee finally argues that the evidence shows he is still partially disabled; that he had tried to obtain light work within his capacity; that it was not offered by the employer; and that he was not able to obtain it elsewhere. Consequently he claims he is under the odd-lot doctrine, citing *Lupoli* v. *Atlantic Tubing Co.*, 43 R. I. 299, 304. This contention ignores the trial justice's finding, which was supported by legal evidence, that regardless of any residual physical effects of the injury the employee was no longer incapacitated from doing his regular work. The odd-lot rule as broadly stated in the *Lupoli* case is premised upon certain conditions, the first of which is "if the effects of the accident have not been removed * * *." In the circumstances here the trial justice found that the effects of the accident, so far as incapacity to perform his regular work was concerned, had been fully removed. Therefore the rule had no application and the trial justice did not misconceive the law.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court.

*Worrell & Hodge, Lee A. Worrell,* for petitioner.
*Luigi Capasso,* for respondent.