Moss Construction Co., Inc. *vs.* Dandolo Boiani.

AUGUST 22, 1956.

Present: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an employer's petition under the workmen's compensation act, general laws 1938, chapter 300, to review a preliminary agreement approved by the director of labor. The agreement provided payment of compensation for total incapacity resulting from an injury arising out of and in the course of respondent's employment. The case is before us on the employee's appeal from a decree of the superior court directing that compensation payments be suspended.

It appears from substantially undisputed evidence that the respondent was injured on July 11, 1952. A preliminary agreement was entered into wherein the injury was described as "severe contusion of the back question of ruptured disc." The respondent was awarded maximum weekly payments for total incapacity. Thereafter the employer petitioned for a review of the agreement on the ground that the incapacity of respondent had ended or diminished. This petition was heard in the department of

labor, and thereafter a decision was entered finding that the employee's total incapacity had ended, that he was still partially incapacitated, and awarding him the maximum payment for partial incapacity. Both parties appealed this decision to the superior court, where the case was heard *de novo*. The trial justice found that respondent had recovered sufficiently to resume light work and that a reasonable time for him to find work would be four weeks. On October 13, 1953 a decree was entered ordering maximum payment for partial incapacity for a period of four weeks. Neither of the parties appealed from this decree.

Subsequently the case was again heard on motions by both parties to reopen, and on March 15, 1954 the trial justice filed a decision in which he found that the employee had failed to cooperate in good faith in an attempt to obtain light work and that the compensation payments should be suspended forthwith. A decree to that effect was entered on April 21, 1954 and the cause is here on respondent's appeal from such decree.

The primary question raised here concerns the finality of the decree of October 13, 1953. The petitioner contends that no timely appeal having been taken from that decree, the findings therein as to the partial incapacity of the employee are conclusive and that because of the finding of partial incapacity we may not consider the proposition that the trial justice erred in not finding that respondent came within the "odd lot" doctrine. The decree of October 13, 1953 was clearly interlocutory in character, at least as to the extent of the partial incapacity. In substance it amounted to a continuance of the hearing for four weeks, after which period the case could be reopened by motion of either party for the introduction of evidence concerning matters about which the trial justice was in doubt. *Brown & Sharpe Mfg. Co.* v. *Campo,* 83 R. I. 86, 113 A.2d 377.

In the circumstances we are of the opinion that the decrees of October 13, 1953 and April 21, 1954 are to be

treated as comprising a single decree, and that the appeal raises the question whether the findings in these decrees are supported by legal evidence. It is clear that the trial justice in his decision, filed after the continued hearing, considered and rejected respondent's contention that he came within the "odd lot" doctrine. That decision is therefore conclusive if there is legal evidence to support the finding of the trial justice that the respondent's incapacity had been reduced to partial and that he could do some light work. We have carefully examined the transcript and it appears therefrom that there is legal evidence establishing not only that the incapacity of the respondent is partial but also that there is light work which he can do, although he cannot resume his former employment. There being such evidence in the record, there was no error in the finding of the trial justice that the doctrine of "odd lot" did not apply to this respondent.

The decree of October 13 wherein it was found that the respondent was capable of doing some light work and he was therein ordered to find such work within four weeks raises an important question, namely, whether in the circumstances the trial justice erred in requiring the respondent employee to establish by affirmative evidence his good faith in cooperating in the matter of ascertaining the extent of his partial incapacity. The burden of proof under the act is still upon the one who asserts the affirmative in his petition. On a petition to review brought by an employer, it is necessary for him to establish by legal evidence the essential elements of his petition which will entitle him to relief under the act. *Walsh-Kaiser Co.* v. *D'Ambra,* 73 R. I. 37. Where the employer by such a petition seeks to review the incapacity of an employee and it is found that the incapacity is partial, the burden of establishing the extent of the partial incapacity is upon the petitioning employer. However, in compensation cases the rule requires good faith and reasonable cooperation on the

part of both parties to assist in that respect. *Leonardo* v. *Uncas Mfg. Co.*, 77 R. I. 245.

In the instant case it appears that the trial justice has misconceived this rule. He has required respondent to go ahead with the duty of producing evidence as to his good faith and cooperation without first requiring the petitioning employer to establish that it had cooperated in that regard sufficiently, at least prima facie, to discharge this burden. We have examined the record and observe nowhere a finding that petitioner offered light work which respondent could perform in his physical condition or directed him to such light work that was available to him elsewhere. In the absence of such evidence and finding we conclude that petitioner failed to sustain the burden placed upon it. For that reason we need not pass upon the question of what the employee is required to do to establish cooperation and good faith on his part in ascertaining the extent of his partial incapacity. In the circumstances it is our opinion that the respondent should be paid the maximum compensation for partial incapacity until the extent thereof can be established under the act.

The respondent's appeal is sustained, the decree appealed from is modified as indicated, and the cause is remanded to the workmen's compensation commission for the entry of a decree in accordance with this opinion.

*Francis V. Reynolds, Richard P. McMahon,* for petitioner.

*Edward I. Friedman,* for respondent.