HAROLD A. COLE *vs.* NEW ENGLAND TRANSPORTATION
COMPANY.
THOMAS H. McGEE, JR. *vs.* SAME.
FRANK W. DIAZ *vs.* SAME.
JOSEPH CELLETTI *vs.* SAME.

MARCH 12, 1959.

PRESENT: Condon, C.J., Roberts, Andrews, Paolino and Powers, JJ.

Powers, J. These original petitions for workmen's compensation were brought by four employees against their employer. Since the facts in all the cases are the same they were heard together. The trial commissioner found that the injuries sustained arose out of and in the course of the petitioners' employment, and he entered a decree in each case awarding compensation. From such decrees the respondent appealed to the full commission which entered

decrees adopting the findings of fact made by the trial commissioner but reversing his decrees on the ground that the injuries were not compensable. Each case is before us on the petitioner's appeal from that part of the decree of the commission denying and dismissing the petition for compensation, and on the respondent's appeal from that part of the commission's decree adopting the findings of fact made by the trial commissioner.

The petitioner's reasons of appeal in each case are that the decree is against the law and the evidence, against the law and the evidence and the weight thereof; that findings of fact numbered 6 and 9 are against the law and the evidence, against the law and the evidence and the weight thereof; and that petitioner should have been awarded compensation because he received a compensable injury.

The petitioners Frank W. Diaz and Joseph Celletti also appealed for the reasons that the commission's adoption of findings of fact numbered 4 and 5 were error. But such findings relate to the period of time when these petitioners were totally or partially incapacitated, and on the view which we take of the cases it is not necessary to discuss them.

The respondent's appeal in each case sets forth varying numbers of reasons therefor. In the cases of petitioners Diaz and Celletti there are 79 reasons, in Harold A. Cole's case there are 78 and in Thomas H. McGee's case there are 77. It is not necessary to set forth all of the reasons of appeal, and we will concern ourselves only with those reasons stated by respondent which are applicable to all four cases.

The record discloses that petitioners were employed by respondent at its Kinsley avenue garage in Providence in various capacities. Their working hours were from 11:30 p.m. to 7:30 a.m., five nights a week. The garage was a large one, some 60 feet wide and 500 feet long, and during these hours it was cold and damp. It was customary for the employees to take a paid, ten-minute "coffee break,"

so called, at five o'clock each morning, a practice recognized by respondent whose foreman would blow a whistle to signal the beginning and end of the break. No coffee was available at the garage so every morning when the break began certain employees drove a company vehicle to a nearby diner, or to a restaurant in downtown Providence if the diner was closed, to get coffee for themselves and the other employees at the garage.

The employees did not have express permission to use company equipment to get coffee but petitioners and other employees testified, and the trial commissioner found, that they customarily used company equipment with the knowledge and implied consent of the foremen of the garage, which knowledge and consent were imputed to respondent by the commissioner. The testimony by petitioners and others on their behalf that the foremen, Everett O. Jenckes and William J. Howe, were aware that company equipment was used for the purposes of obtaining coffee was sharply contradicted by the foremen.

On the morning of November 30, 1953 the signal whistle blew about five o'clock to start the break. The four petitioners stopped working and drove respondent's tractor, which was parked outside the garage, to a restaurant in downtown Providence where they had coffee. While returning to the garage with coffee for the other employees the driver of the tractor lost control of the vehicle and it struck a support stanchion on Francis street injuring the four petitioners.

It further appears that petitioners Cole and McGee by the nature of their work were required to move company equipment in and out of the garage and even to operate it on the highways on test runs. The record is replete with conflicting testimony as to whether or not foreman Jenckes and Howe were aware that company tractors and buses were used by the employees to go for coffee, and it is clear that personal use of the equipment was in violation of the com-

pany rules. The company assistant superintendent of equipment Joseph Reynolds, the foremen Jenckes and Howe, and an employee Clinton G. Tripp, president of the local union, testified as to the company's policy in this regard and further that the employees knew of it. The petitioners Cole and Celletti admitted they knew they were not supposed to use company equipment, McGee was not asked, and Diaz denied any knowledge of the company rule.

The petitioners contend, however, that even though there were a company rule against the use of its equipment by the employees for their own benefit, petitioners are entitled to recover if their use of the equipment were known to the foremen who made no effort to enforce the rule. They further contend that such knowledge is imputable to the respondent company which, having failed to enforce the rule, is estopped to deny the fact that company equipment was used with its consent. On the view which we take of these cases, however, this question is not before us.

Almost all of respondent's reasons of appeal are based on exceptions taken to evidentiary rulings of the trial commissioner excluding testimony favorable to respondent or admitting testimony prejudicial to the company.

The respondent contends that the workmen's compensation commission is bound by the statutory and common-law rules of evidence. The petitioners meet this issue squarely and deny that the commission in the conduct of its hearing is obligated to comply with the rules of evidence. We are of the opinion that respondent's contention is correct and that prejudicial testimony admitted over the objection of counsel constitutes reversible error whenever an exception thereto is properly taken.

It is clear from the record that the trial commissioner did not feel bound by the strict rules of evidence. During the direct examination of Reynolds in a colloquy between counsel and the trial commissioner relative to the marking of the union contract as an exhibit for identification, the

latter observed: "We don't mark things for identification, Mr. Carlos. It's either admitted into evidence, or it's not. We're not a court of law, we make our own rules." In a further colloquy between the trial commissioner and counsel for respondent relative to the admissibility of limited portions of a deposition taken in the federal court, the trial commissioner stated: "If I was wearing the robes of a Superior Court Justice and sitting up there, I might have to agree, but sitting as a commissioner, with wide powers and discretion given to us by the General Assembly in an attempt to get at the root of these matters, and not bound by the strict rules of evidence, I want all the evidence, and not part of it."

Counsel for petitioners support the position of the trial commissioner and call our attention to general laws 1956, §28-30-12, which reads: "The workmen's compensation commission shall prescribe forms, and make suitable orders, and adopt rules of procedure to secure a speedy, efficient, informal and inexpensive disposition of all proceedings under chapters 29 to 38, inclusive, of this title; and in making such orders said commission shall not be bound by the provisions of the general laws relating to practice. In the absence of such orders special orders shall be made in each case."

We cannot conceive that by this language the legislature intended that in a hearing on a petition for workmen's compensation or one for review, no rules of evidence should apply and that prejudicial testimony should be received, even though incompetent, irrelevant and immaterial. This is particularly true when coupled with the legislative mandate that findings of fact by the trial commissioner approved on review by the full commission shall, in the absence of fraud, be final. *Brown & Sharpe Mfg. Co.* v. *Lavoie*, 83 R. I. 335, and *Fiore* v. *Wanskuck Co.*, 83 R. I. 344. Such a combination would clearly constitute a denial of due process to both employee and employer.

It seems clear to us that the language of §28-30-12 is designed to expedite procedure and avoid technical pleadings to the end that a hearing might be had without unwarranted delay. See *Jules Desurmont Worsted Co.* v. *Julian,* 56 R. I. 97. If the legislature had intended §28-30-12 to encompass rules of evidence they would, in our opinion, have said so.

The legislature in creating the juvenile court, public laws 1944, chapter 1441, expressly provided in section 24 thereof: "The court may conduct the hearing in an informal manner and dispense with the strict rules of evidence." G. L. 1956, §14-1-30. The general assembly was equally specific with relation to hearings conducted within the division of public utilities. General laws 1938, chap. 122, §14, now G. L. 1956, §39-4-19, expressly provides in part that "the division shall not be bound by the technical rules of evidence." Several other examples of express exemptions from the strict rules of statutory or common-law evidence are to be found in the provisions of our general and public laws, but the foregoing serves to support the proposition that whenever the legislature intends to abrogate the strict rules of evidence it is careful to say so and not leave it to judicial interpretation.

Assuming without deciding that §28-30-12 confers upon the commission the right to establish its own rules of evidence, it has not been brought to our attention that the commission has ever done so and in the circumstances the statutory and common-law rules of evidence are in force.

We point to significant language in *Varin* v. *Lymansville Co.,* 87 R. I. 463, 143 A.2d 138, where at page 142 the court stated: "It is our opinion that in enacting [P. L. 1954] chap. 3297, which created the workmen's compensation commission, the legislature intended to establish a separate department in the state government in order to provide judicial hearings to persons coming before it. Section 3 (b) of article III provides: 'There shall be established

in the state of Rhode Island a workmen's compensation commission having such jurisdiction as may be necessary to carry out the provisions of the workmen's compensation act. Said commission shall be a commission of record with the same rights of subpoena and also the same rights to cite and punish for contempt as exist in the superior court, having a seal, and the members or clerk of which shall have power to administer oaths and affirmations.' In addition, qualification for membership in the commission is restricted to attorneys at law and within the limits of the jurisdiction granted to it by the legislature the commission is a court of law in all but name."

It is academic, however, that regardless of the obvious conviction of the workmen's compensation commission that they are not bound by the strict rules of evidence, respondent in the case at bar gains nothing unless evidentiary rulings of which it complains were prejudicial.

We are concerned with respondent's reasons of appeal numbered 13, 22 and 45. In the first of these, it objects to the questioning by the trial commissioner of petitioner Cole as follows:

> "Commissioner: Did Mr. Howe ever know sometimes when you were taking them out that you were going for coffee, though?
>
> "Witness: Yes.
> * * *
> "Commissioner: Would you know how he knew from anything he said?
>
> "Witness: Yes, I would. On one occasion I know of, I don't know the date of it—on one occasion I was backing the tractor up, getting ready to go out, and he was going into the office, I asked if he wanted coffee. He came out at the tractor and handed me money for the coffee.
>
> "Mr. Carlos: I move that be stricken to be consistent.
>
> "Commissioner: The answer may stand, you may have an exception."

The respondent's reason of appeal numbered 22 also relates to its objection to questioning by the commissioner of petitioner McGee as follows:

> "Commissioner: Had Mr. Howe or Mr. Jenckes ever seen you drive the tractor out of the garage?
> "Witness: Yes.
> * * *
>
> "Commissioner: Had you ever driven a tractor back in the garage and been observed by Mr. Howe or Mr. Jenckes as you entered the garage, driving the tractor?
> * * *
>
> "Witness: Yes, I have, sir.
> "Mr. Carlos: I might point out that the responses made are merely conclusions, and not fact.
> "Commissioner: That can be pointed out in argument, Mr. Carlos."

The respondent's reason of appeal numbered 45 also relates to objections by it to the questioning by the trial commissioner of witness Tripp. The significant portion thereof reads:

> "Commissioner: And were you ever there when any of the foremen ever saw them leave the garage in a tractor during a coffee-break, or return from a coffee-break with a tractor during 1953? Were you ever there to see a foreman observe them coming or going?
> * * *
>
> "Witness: Yes, I was."

It is elementary that the trier of facts may inquire of a witness. But it is equally elementary that incompetent, irrelevant or immaterial evidence, to which objection is made and exception taken, constitutes prejudicial error. And it is not less so because inquiry was made by the trier of facts rather than by counsel for the contending parties. His examination is to be governed by the same rules as those which govern counsel and his questions are equally open to exception. *State* v. *Amaral,* 47 R. I. 245, 250. The questioning by the trial commissioner in the case at bar clearly solicited conclusions rather than statements of fact

and as such should have been excluded on the objection of counsel for respondent.

The petitioners' contention on the theory of implied consent could be considered only when supported by competent testimony. It is clear from the record that petitioners Cole and McGee were required by the nature of their duties to operate the company equipment in and out of the garage, and the fact that they were seen doing it by the foremen Jenckes and Howe has no probative force bearing on the question of whether or not these foremen were aware that the equipment was being used for the purpose of obtaining coffee off the premises. Further, Tripp's testimony that he was present when the foremen saw these employees taking equipment in and out of the garage premises is without probative force on the pertinent issue. Cole's testimony that foreman Howe handed him money for coffee at a time when Cole was seated in company equipment suggests only as a conclusion that Howe had any knowledge that petitioner Cole was on his way to get coffee and was using company equipment for the purpose.

The questioning by the trial commissioner with relation to the three reasons of appeal based on exceptions taken by respondent to such questioning was improper. In our opinion the trial commissioner was undoubtedly influenced by the testimony of petitioners Cole, McGee and witness Tripp in the instances of which respondent complained and to which it took exception. We quote the trial commissioner in his findings of fact: "In fact, it was the testimony of the petitioners that the various foremen in charge of the garage knew that they were taking the tractors out to get coffee, that the foremen had seen them leave in the tractors, that they had brought coffee back for the foremen, and that, in fact, the foremen were often present when the tractors were taken out for the coffee."

In view of our conclusion, it is unnecessary to consider

the petitioners' appeals and the reasons therefor. Such appeals are dismissed without prejudice.

The respondent's appeal in each cause is sustained, the decrees appealed from are set aside, and each cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

ANDREWS, J., did not participate in the decision.

*George R. Beane,* for petitioner Harold A. Cole; *Maurice W. Hendel,* for petitioner Thomas H. McGee, Jr.; *John Quattrocchi, Jr.,* for petitioners Frank W. Diaz and Joseph Celletti.

*William J. Carlos,* for respondent.