SAMUEL CORRADO *vs.* BROWN UNIVERSITY.

JUNE 4, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This is an employee's original petition for compensation benefits brought in accordance with G. L. 1956, §28-35-12, as amended. It was heard by a single commissioner who thereafter entered a decree finding the petitioner to have sustained a compensable injury but neglecting to include a finding as to his average weekly wage of which there was evidence. From this decree the respondent appealed to the full commission which affirmed the findings of the single commissioner, and in addition found the petitioner's average weekly wage to be $75. The commission thereupon entered a final decree conformable to their findings and the respondent appealed therefrom to this court.

It appears from the record that petitioner was employed by respondent as a laboratory mechanic. He testified that his duties consisted of setting up and maintaining mechanical equipment used in conjunction with experimental research projects. On January 7, 1959, while engaged in such work, he slipped off some metal plates on which he was standing and fell to the concrete floor. He appears to have suffered an immediate sharp pain in his back which he reported to his superintendent, who at that time was assisting him. He continued to work, but the pain became progressively worse and he was assisted to respondent's infirmary where he was treated by Dr. Hutchinson.

It is petitioner's testimony that he returned to work, but continued to receive treatment at the infirmary throughout 1959 and a part of 1960. In September of that year, he was referred by respondent's infirmary to Dr. G. Edward Crane who examined him from time to time until June 28, 1963.

Doctor Cyril J. Bellavance testified that he first saw petitioner on September 26, 1962; that X rays disclosed he was suffering from spondylolisthesis of the L-5, S-1 level; that he was admitted to the hospital on February 11, 1963 for a myelogram, which was normal; that petitioner was partially incapacitated when he first saw him; and that he continued to be so incapacitated except during the time he

was hospitalized from February 11 through February 17, 1963, when his incapacity was total.

The single commissioner found that petitioner had sustained a compensable injury of which respondent had knowledge resulting in partial incapacity from September 26, 1962 to February 11, 1963, and that he was totally incapacitated from that date to February 17, 1963 and partially incapacitated thereafter. He also found petitioner's average weekly wage to be $71.15 and thereafter entered a decree containing the following findings of fact:

"1. That the petitioner sustained an injury to his back on January 7, 1959 arising out of and in the course of his employment with the respondent, connected therewith and referable thereto of which injury the respondent had knowledge.

"2. That the injury occurred when the petitioner was involved in carrying out his usual duties as a laboratory mechanic.

"3. That as a result of said injury the petitioner was partially incapacitated for work from September 26, 1962 until February 11, 1963 at which time he became totally incapacitated from February 11, 1963 until February 17, 1963. That subsequent to February 17, 1963 the petitioner has continued and remains to be partially incapacitated for work."

The respondent appealed to the full commission and limited such appeal to the third finding. It assigned as its reasons that the decree was erroneous in that finding of fact numbered 3 is contrary to the law and is not supported by a fair preponderance of the legal evidence. The full commission, after review, entered a final decree affirming that of the single commissioner and adding a fourth finding, namely, that the petitioner's average weekly wage was $75.

In their decision, the full commission, commenting on the evidence which in their judgment supported the finding of the single commissioner, went on to add "We feel that a new decree should be entered containing an average weekly

wage and an order which will provide for the payment of benefits for partial incapacity in the event that the petitioner has, or will return to gainful employment."

Although the commission did not so comment, it appears clear from the foregoing language that they noted the absence of a finding as to average weekly wage in the decree entered by the single commissioner and thereupon proceeded to make their own finding in this regard.

From the entry of this decree, respondent appealed to this court assigning four reasons in support thereof which, however, it has argued as presenting a single question, namely: "Did The Full Commission Commit An Error Of Law Or Act Without Or In Excess Of Its Authority By Inserting Finding Numbered 4 In Its Final Decree?"

The respondent advances two contentions, the first being that since its appeal from the decree of the single commissioner was limited to the third finding therein the full commission was without jurisdiction to make a finding as to petitioner's average weekly wage. In support of this contention it cites *Cairo* v. *Sayles Finishing Plants, Inc.,* 83 R. I. 297, wherein this court discussed the jurisdiction of the full commission in reviewing an appeal from the decree of a single commissioner. It relies on the language found on page 302 as follows:

> "Under the statute the commission is authorized to review the decree upon the record and 'shall file a decision pursuant to the law and the fair preponderance of the evidence * * *.' Art. III, sec. 3 (g). This means that they are to decide questions of law raised by the reasons of appeal and, if the appellant claims that the decree is against the evidence and the weight thereof, they must examine the evidence and decide whether it preponderates in favor of or against the trial commissioner's decree."

It purports to buttress further such first contention by citing *Sorafine* v. *York Decorators Co.,* 90 R. I. 374, wherein we held that where an appeal from the decree of a single

commissioner contains as a reason therefor that said decree is against the law, the evidence and the weight thereof, the full commission are at liberty to make their own findings of fact and are not bound to adopt any finding in the trial commissioner's decree when such decree has been appealed from on the ground, among others, that it is against the evidence and the weight thereof.

The respondent argues that since the instant appeal was confined to a single finding, the full commission lacked jurisdiction to consider the decree in any other respect.

Acknowledging the principle laid down in the cases cited by respondent, we are not persuaded that they are applicable to the circumstances of the case at bar. Although by its appeal to the full commission, respondent challenged the finding of the single commissioner as to petitioner's incapacity for work, when that finding was affirmed respondent took no appeal therefrom to this court. Rather, in effect, it argued that notwithstanding petitioner's successfully establishing the conditions which would entitle him to compensation, the board was powerless to enter a new decree which contained a finding without which petitioner's rights were meaningless.

General laws 1956, §28-35-28, provides in pertinent part that the full commission "shall forthwith review the decree upon the record of the case and shall file a decision pursuant to the law and the fair preponderance of the evidence * * *." It further authorizes the entry of a new decree in the event that such is made necessary by their decision. In our judgment by these provisions the legislature clearly intended to vest in the full commission jurisdiction to enter their own decree when the entry of a new decree is essential to achieve justice, even though they are in complete agreement with the findings of the single commissioner. It would be a travesty on the relief intended to be afforded to either an employee or an employer if the unintentional and inadvertent omission of a finding, supported by competent

evidence, could serve as the basis for a denial of the relief intended to be granted.

Moreover, in the instant case respondent's appeal to the full commission went to the very core of the controversy, namely, was petitioner entitled to partial compensation for all but one week of hospitalization during which period he was totally incapacitated? If the finding of the single commissioner that he was so incapacitated could be affirmed by the full commission then such finding by operation of law should carry with it petitioner's right to compensation for such incapacity.

Thus the very substance of the full decree of the single commissioner was the subject of appeal to the full commission and to that extent this case falls within the principle enunciated in *Cairo v. Sayles Finishing Plants, Inc., supra*, and *Sorafine v. York Decorators Co., supra.*

The respondent's second contention is that since petitioner took no appeal from the decree of the single commissioner, the full commission were without jurisdiction to amend the decree in his favor, citing *Blanchette v. R. I. Pastry Co.*, 87 R. I. 329.

There the respondent employer had appealed from the decree of the single commissioner whereby the petitioner had been found to be partially incapacitated. The full commission affirmed the finding of the single commissioner as to the sustaining of a compensable injury, but found that the incapacity was total and amended the decree of the single commissioner accordingly. We held that since the petitioner had not appealed from the decree of the single commissioner, the full commission was without jurisdiction to amend the decree so as to increase the benefits awarded to him.

Here, however, the action of the full commission was not to increase petitioner's benefits, but rather was necessary to effectuate the benefits to which he had been found entitled by both the single commissioner and the full com-

mission. The distinction is significant in that the amendment did not result in prejudicing respondent in any way.

Indeed, in *Blanchette,* referring to another aspect of the respondent's appeal therein, this court made reference to G. L. 1956, §28-35-30, wherein it is provided in part that "the supreme court shall disregard any irregularity or error of the workmen's compensation commission unless it be made to affirmatively appear that the appellant was damaged thereby." The contentions of respondent are therefore without merit.

However, although the transcript shows that at the hearing before the single commissioner the parties agreed that petitioner's average weekly wage was $75, there is also evidence that his actual compensation was $3,700 annually or $71.15 per week. It was this figure that the single commissioner adopted as his finding but inadvertently failed to include in his decree. Consistent with our holding in *Blanchette,* therefore, we are of the opinion that such should have been the finding of the full commission for incorporation in their decree.

Therefore, acting on the authority of G. L. 1956, §28-35-30, wherein it is provided that this court may modify a decree of the full commission to the extent that such decree constitutes an excess of their jurisdiction, we hold that the instant decree should be modified so as to fix the petitioner's average weekly wage at $71.15.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed as herein modified. and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Joseph A. Kelly,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.