258 A.2d 468.

MacKenzie-Walton Company, Inc. *vs.* Omer E. LaRochelle.

NOVEMBER 3, 1969.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. This is an employer's petition brought pursuant to the provisions of G. L. 1956, §28-35-45, to review a decree in which the Workmen's Compensation Commission awarded the respondent employee compensation for total incapacity. The petition was heard by a trial commissioner, who entered a decree finding that the respondent's incapacity for work was partial, that he had made no bona fide effort to find suitable employment, and reduced the compensation from total to partial. From this decree, the respondent appealed to the full commission, primarily on the ground that the trial commissioner erred in failing to award a counsel fee and expert witness fee to the respondent. The full commission affirmed the decree of the trial commissioner, and, from this decree, the respondent is prosecuting an appeal to this court.

The only question presented to this court is whether respondent employee successfully defended, in part at least, the petition of the employer for a review of his incapacity and is, therefore, entitled to an award of a counsel fee and expert witness fee under the statute. The pertinent statute, §28-35-32, provides in part that "* * * costs shall be awarded, including counsel fees and fees for medical and other expert witnesses, to employees who successfully prosecute petitions for compensation * * * and to employees who successfully defend, in whole or in part, petitions for review filed by employers." Here respondent employee contends that he successfully defended against the employer's petition for review in part, in that the commission did not find that his incapacity had ended but that it was still partial. The employer, on the other hand, argues that respondent had not successfully defended in part because it had alleged in its petition only that the incapacity of respondent had diminished and that the findings of the commission were consistent with that plea.

Section 28-35-45 provides that any agreement or any decree concerning compensation "* * * may be from time to time reviewed by the workmen's compensation commission, upon its own motion or upon a petition of either party upon forms prescribed and furnished by the commission, after due notice to the interested parties, upon the ground that the incapacity of the injured employee has diminished, ended, increased or returned * * *. Upon such review the workmen's compensation commission may decrease, suspend, increase, commence or recommence compensation payments in accordance with the facts, or make such other order as the justice of the case may require."

The petitioner, in seeking the instant review, filed a petition upon a form provided by the commission, the sole allegation therein being that "Employee's incapacity for work has diminished." As we have noted, the commission found

that the incapacity of respondent employee was partial and reduced his compensation for total incapacity to compensation for partial incapacity. On that basis petitioner now contends that it established that the incapacity of the employee had diminished and, for this reason, the employee did not successfully defend against its petition, either in whole or in part, so as to entitle him to a counsel fee.

The respondent employee, on the other hand, urges that during the course of the hearing petitioner, in fact, did not attempt to prove that the incapacity of respondent had diminished, but it adduced evidence that the incapacity of respondent had ended. We have examined the transcript and are persuaded that this contention of respondent is correct. The petitioner introduced evidence on the question through the testimony of its medical expert, Dr. Amedeo L. Mariorenzi, who testified, in substance, that the employee had made a full recovery. The witness testified that he had examined respondent employee on behalf of petitioner and had concluded that he had fully recovered from the incapacity sustained by him.

He testified specifically: "Q Now, did you—well, at the time of his most recent examination, and—June 20, 1968, what was your impression in regard to Mr. La Rochelle's condition? A I felt he had a lumbosacral strain from which the patient appeared to have fully recovered. Q And, Doctor, at the time of this most recent examination, and on the basis of this examination, and your prior examination, did you place any restrictions on Mr. La Rochelle's work activities? A No, I did not." It is our opinion, then, that petitioner introduced testimony through its medical expert designed to establish that respondent employee had fully recovered from his incapacity and that he would place no restrictions on his work activities.

This being the state of the evidence, we are constrained to conclude that respondent has shown his entitlement to

expert witness and counsel fees as contemplated by the statute. The thrust of the evidence adduced by petitioner through its medical expert was that the incapacity of respondent had ended. This brought into the case the issue of whether in fact respondent's incapacity had ended.

In *Webbier* v. *Thoroughbred Racing Protective Bureau, Inc.,* 105 R. I. 605, 254 A.2d 285, we reiterated the position we took in *Cofone* v. *Narragansett Racing Association, Inc.,* 103 R. I. 345, 237 A.2d 717, that is, that the common-law rule that proof must conform to pleadings is no longer to be controlling. In *Webbier* the suit was one at law to recover damages for false arrest and, relying on *Cofone,* we held that, where an issue is tried in a cause by the express or implied consent of the parties, it shall be treated in all respects as if it had been pleaded. The present record makes it clear that petitioner employer introduced evidence tending to establish that the employee's incapacity had ended, and it must be held to have consented to the determination of that issue in the case.

It is our opinion that the rule stated in *Cofone* applies with equal force in cases brought to recover compensation under the Workmen's Compensation Act. In *Cole* v. *New England Transportation Co.,* 88 R. I. 408, 149 A.2d 352, a suit to recover compensation by an injured workman, this court stated: "It seems clear to us that the language of §28-30-12 is designed to expedite procedure and avoid technical pleadings * * *." Section 28-30-12 provides that the commission "* * * shall prescribe forms, and make suitable orders, and adopt rules of procedure to secure a speedy, efficient, informal and inexpensive disposition of all proceedings * * *." It appears to us, then, that the statute contemplates that the cases tried before the compensation commission shall not be impeded by the strict rules of common-law pleading and the findings of the commission should not be limited by the technicalities of such pleading.

The respondent's appeal is sustained, the decree appealed from is overruled, and the cause is remanded to the Workmen's Compensation Commission for further proceedings in accordance with this opinion.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for petitioner.

*Abedon, Michaelson, Stanzler & Biener, Richard A. Skolnik,* for respondent.