387 A.2d 1034.

LEVITON MANUFACTURING CO. *v.* CAROL LILLIBRIDGE.

JUNE 12, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

286

WEISBERGER, J. This is an employer's petition to review a decree under the Workers' Compensation Act[1] ordering benefits to an employee for partial incapacity resulting from an injury sustained in the course of her employment. The trial commission ordered the suspension of all future compensation payments under the decree pursuant to G.L. 1956 (1968 Reenactment) §28-35-45 on the basis that the employee's disability for work had ended. The employee appealed to the full commission which entered an order affirming the decree of the single commissioner on August 30, 1976, after a review de novo of the entire record. The

---

[1]The name of the Workmen's Compensation Act was changed to the Workers' Compensation Act on May 10, 1978, by P.L. 1978, ch. 231, sec. 1 which states as follows:

> "Wherever in the general or public laws there appears the word 'workmen's' in relation to workmen's compensation, it shall be substituted with the word 'workers'."

employee is now before us on an appeal from the decree of the full commission.

On June 5, 1974, while in the performance of her job as a mold injection operator at the employer's plant, the employee slipped on some oil, fell to a sitting position on the floor and sustained an injury to her coccyx. As a result, she was awarded payments for total incapacity during the period June 5, 1974, to July 16, 1974, and for partial incapacity after July 16, 1974, "in accordance with the Workmen's Compensation Act." The employee was receiving payments for partial incapacity 8 months later when her employer brought the petition to review the decree on March 7, 1975, which led to the suspension of the payments.

The employee brings three assignments of error on appeal, all of which raise aspects of the same central issue: whether or not the finding of the full commission that respondent was no longer disabled for work is supported by any competent legal service.

In compensation cases, the findings of the commission are, in the absence of fraud, conclusive upon this court if in the record there is any competent legal evidence from which those findings could properly be made. *St. Laurent* v. *Kaiser Aluminum & Chemical Corp.*, 113 R.I. 10, 316 A.2d 504 (1974); *McDonald* v. *John J. Orr & Son*, 428, 181 A.2d 241 (1962). The employer in this instance has the burden, as the one asserting the affirmative in his petition, to establish by legal evidence the essential elements which entitle him to relief under the Workers' Compensation Act. *Moss Construction Co.* v. *Boiani*, 84 R.I. 486, 125 A.2d 147 (1956).

On an employer's petition to review a decree awarding an employee benefits for partial incapacity, we stated in *Builders Iron Works, Inc.* v. *Murphy*, 104 R.I. 637, 247 A.2d 839 (1968), that there are two theories on which the employer may prevail. One is that the employee has physically recovered from his injury to an extent that permits

the resumption of his employment without harmful consequences. The other is, in the case where an employee has not sufficiently recovered to be able to resume his former employment, that he has regained his former earning capacity regardless of any residual effects of his injury. The elements of proof for each theory are different. The former theory requires evidence concerning the employee's physical capabilities, while the latter focuses only on the loss of earning capacity flowing from the injury. The employer here has elected to try its case solely on the theory that the employee's recovery was sufficiently complete to permit her to perform her former duties. The trial commissioner and the full commission accordingly treated the case as having only this one dispositive issue.

The theory the employer has chosen requires a showing that the employee is now able to resume all her former duties without reservation or restriction. If there is any aspect of her former occupation that the employee is unable to perform, then the finding of the commission is open to challenge. *Id.*

The employee's first contention is that the commission misconceived the evidence with regard to the nature of her duties as an employee, which under the circumstances herein is in effect a challenge to the probative force of the testimony of the employer's medical expert. *Bartlett* v. *Everett Products, Inc.*, 99 R.I. 476, 208 A.2d 530 (1965). The employee argues that in light of the admission of the employer's expert on cross-examination that she would "have had difficulty" doing work for which she had to remain sitting for 8 full hours a day, her uncontradicted testimony that this is in fact what her job requires renders the commission's finding without support in the evidence.

The exact nature of the employee's former duties is crucial when the determination before the commission is whether she has the capability to perform all of the tasks which were required of her at the time of her injury. If the opinion of the employer's medical expert is based upon a misconception of

these duties, his opinion would be contrary to established facts and its probative force would be destroyed. *Woods* v. *Safeway System, Inc.,* 101 R.I. 343, 223 A.2d 347 (1966). The finding of the full commission that the employee may perform her duties if based upon such a misconception would then indeed be unsupported by any legal evidence. However, the case before us does not present such a situation.

In the record, it appears from the employee's testimony that her formal title was that of a "mold injection operator" and that she had been performing mold injection work at the time of her injury. The employee stated, however, that despite her title, she was "sometimes" required to perform other duties which entailed "eight hours of sitting." The employee contends that this testimony, being uncontradicted, must be accepted by the trier of fact.

In support of her argument, the employee cites the well-settled rule that a trier of fact must accept completely uncontradicted and unimpeached positive testimony of a witness as probative of the fact it was adduced to prove. *McAree* v. *Gerber Products Co.,* 115 R.I. 243, 342 A.2d 608 (1975); *Jackowitz* v. *Deslauriers,* 91 R.I. 269, 162 A.2d 528 (1960). The state of the evidence here does not warrant an application of this rule.

The record reveals that the evidence is in conflict on the issue of the employee's duties, and raises a substantial question as to credibility, as the direct testimony of the employee has been contradicted by her own prior statement contained in the examining physician's report.

The opinion of the employer's examining physician, Dr. Mariorenzi, was based on an examination of the employee conducted on February 11, 1975. He issued the results of that examination on February 14, 1975, in a medical report in which he stated that the employee's pain in the coccygeal area was minimal and that it could be alleviated by conservative treatment. He also stated that although the patient complained of discomfort after sitting for long periods of

time, she nevertheless represented to him that she was able to perform her work in either the sitting or standing position, without mention of any extra duties requiring mandatory sitting. He thus concluded that it would be "physically possible" for her to go back to work. The report was admitted into evidence without objection through Dr. Mariorenzi by the employer's counsel. Although the Workers' Compensation Commission is bound by the strict rules of evidence in the conduct of its hearings, *Cole* v. *New England Transportation Co.*, 88 R.I. 408, 149 A.2d 352 (1959), hearsay evidence to which no objection is offered is entitled to be treated as if it were legally admissible and to be accorded whatever probative weight the fact-finder believes it deserves.[2] *McAree* v. *Gerber Products Co.*, *supra* at 257, 342 A.2d at 615. The employee's oral representations incorporated as part of Dr. Mariorenzi's hearsay statements in the report are themselves properly admissible under the admissions exception to the hearsay rule. *Hodge* v. *Duley*, 22 Md. App. 392, 323 A.2d 607 (1974); McCormick, *Evidence* §262 at 628 (2d ed. 1972); *see Berkowitz* v. *Simone*, 96 R.I. 11, 188 A.2d 665 (1963).

Even if the employee's testimony were uncontradicted by other positive testimony, the commission is not required to accept such testimony when it is subject to being disregarded because it lacks credence or is unworthy of belief. *Silva* v. *Matos*, 102 R.I. 437, 230 A.2d 885 (1967); *Barnes* v. *Kaiser Aluminum & Chemical Corp.*, 96 R.I. 469, 194 A.2d 675 (1963). In this case the employee's statements to Dr. Mariorenzi were contradictory to the testimony which she gave at the hearing. Under the circumstances, the commission evidently did not ignore or overlook the employee's testimony, but merely disbelieved it and so indicated in its decision:

"Frankly, we are satisfied that the employee is making

---

[2]Although Dr. Mariorenzi was a witness viva voce, the medical report was admitted separately into evidence at the hearing before the trial commissioner.

the most of her injury and has no intention of returning to gainful employment. Motivation is lacking."

In compensation proceedings, the credibility of witnesses is exclusively a matter for the commission's determination. *McDonald* v. *John J. Orr & Son, supra.* When the commission in the exercise of its fact-finding power determines the probative force of legally competent evidence, its action therein will not be reviewed by this court. *Id.* The employee's contention that the trial commissioner misconceived the evidence in that he ignored uncontradicted testimony is not before us, since the appeal here lies only from the decree of the full commission and not from the decree of the trial commissioner. *LaFazia* v. *Canada Dry Corp.*, 99 R.I. 9, 205 A.2d 16 (1964); *Corrado* v. *Brown University*, 98 R.I. 256, 201 A.2d 29 (1964).

From the record it appears that there is sufficient legal evidence to support the full commission's finding. On direct examination, Dr. Mariorenzi testified that the employee's physical disability had ended and that she was able to go back to work:

> "COMMISSIONER: As far as her coccyx is concerned, do you have an opinion whether she can return to her regular work on a full time basis without any restrictions?
>
> "WITNESS: Yes, I feel she can."

Although on cross-examination Dr. Mariorenzi admitted that it might be "difficult" and "uncomfortable" for the employee to perform work which required her to "sit all day long," he stated that nevertheless she was sufficiently recovered to resume her former duties. This evidence is legally sufficient, as the relevant inquiry is not whether the employee has made a one hundred percent physical recovery, but whether she is sufficiently recovered to perform all the required duties of her old job. The Workers' Compensation Act does not compensate for pain which does not affect an employee's ability to work. *Rosa* v. *George A. Fuller Co.*, 74 R.I. 215, 60 A.2d 150 (1948).

The employee's second assignment of error is that the commission ignored her uncontradicted testimony that she was disabled for work because of a pre-existing knee injury. The knee injury resulted from an accident which occurred in the course of the employee's former employment as an airline stewardess. She had applied for compensation benefits for the knee injury as well as for the coccyx injury in her original petition, but the single commissioner had order compensation payments for the coccyx injury only, having found that the employee had failed to prove by a fair preponderance of the reasonable evidence that she sustained any injuries to her right knee. The employee did not appeal from this decree. At the hearing on the petition to review brought by the employer, the employee made no attempt to introduce expert evidence that she was disabled for work as a result of the knee injury, although she did state she felt discomfort while standing.

On a petition to review under §28-35-45, the trial commissioner has jurisdiction to review an injury which is different from the one for which the employee was paid compensation under the original decree only if it results from the injury for which the employee was paid compensation. *Varin* v. *Lymansville Co.*, 88 R.I. 169, 143 A.2d 705 (1958). As there was nothing in the record before the trial commissioner tending to show that the knee injury resulted from the coccyx injury, the trial commissioner lacked jurisdiction to modify the award based on any new disability arising from the knee.

On appeal, the full commission also refused to modify the award on this basis, finding that the employee's pre-existing condition was not affected by the incident of June 5, 1974, and had no bearing on the issue raised by the instant petition. We agree. Where the injury sought to be reviewed is different from and unrelated to the injury described in the original decree granting benefits, the provisions of §28-35-45 do not apply and the employee's remedy would be an original petition based on such new injury. *Id.* The knee injury is therefore not properly before us on a petition to review.

There being no showing of total incapacity on the record before us, the cases cited by the employee for the proposition that an employee is entitled to total compensation without apportionment where a pre-existing injury and a separate work-related injury combine to create total incapacity are not on point.

The last assignment of error may be characterized as an attack on the competence and relevance of the medical report introduced by the employer which the employee claims is too remote in time from the date of the hearing to serve as reliable evidence. The employee has, however, waived any objections to the competence of the report by her failure to object when it was first introduced into evidence. *Gilbert* v. *Girard*, 109 R.I. 68, 279 A.2d 919 (1971). In addition, since evidence is relevant if it has any tendency to establish the facts in issue, *Capezza* v. *Hertz Equipment Corp.*, 118 R.I. 1, 371 A.2d 269 (1977), the medical report clearly tends to establish the fact that the employee's disability has ended. The lapse of a period of 7 months, per se, between the medical examination and the hearing under the circumstances of the whole record does not so attenuate the relevance of the report as to make it inadmissible or unworthy of consideration by the full commission in light of the absence of any evidence showing that the employee's condition had changed since the date of the examination.

In sum, there is sufficient legal evidence on the record to support the employer's burden of proof on a petition to review. *E. Turgeon Construction Co.* v. *Barbato*, 81 R.I. 230, 101 A.2d 481 (1953).

The appeal of the employee is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

*Vincent J. Chisholm* for petitioner-appellee.

*Kirshenbaum & Kirshenbaum, Alfred Factor* for respondent-appellant.