**STATE of Rhode Island**

v.

**Beverly HURLEY.**

**No. 83–181–Appeal.**

Supreme Court of Rhode Island.
April 18, 1985.

reason of any such neglect, to be recovered in a civil action." There are no comparable statutes for state highways.

Dennis J. Roberts II, Atty. Gen., Marilyn McGair, Sp. Asst. Atty. Gen., for petitioner.

Raul L. Lovett, Marc B. Gursky, Lovett Morgera Schefrin & Gallogly, Ltd., Providence, for respondent.

## OPINION

WEISBERGER, Justice.

This workers' compensation case comes before us on appeal by the State of Rhode Island (state or employer) from a final decree of the appellate commission denying in part the employer's petition to review a preliminary agreement. The commission determined that Beverly Hurley (employee) continued to be partially incapacitated and therefore should continue to receive benefits accordingly. We affirm. The facts pertinent to this appeal are as follows.

On May 1, 1980, employee twisted her back in the course of her employment, causing a lumbar sacral sprain. At the time of her injury, the employee was performing her duty as a cook employed by the State of Rhode Island at the Ladd Center. Subsequent to this injury, the employee entered into a preliminary agreement with the employer dated May 20, 1980, under which the employee was to receive workers' compensation benefits for total incapacity commencing May 2, 1980, and continuing for the duration of her disability.

On February 6, 1981, the employer filed a petition with the Workers' Compensation Commission requesting a review of the May 20, 1980 agreement. In that petition, the employer asserted that the employee's incapacity had ended and that therefore payments made to her under the agreement were no longer required. The trial commissioner pursuant to this petition received testimony from three physicians regarding the employee's physical condition.

After considering the evidence, the trial commissioner issued a written decision on March 29, 1982, in which he found that the employee had recovered from her May 1, 1980, work-related injury. In a decree entered April 5, 1982, the trial commissioner stated that the employee's incapacity for work had ended and that payments made to her under the May 20, 1980 agreement should be suspended.

The employee then appealed the decree of the trial commissioner to the appellate commission. The appellate commission found merit in the employee's ninth reason of appeal, which asserted that the medical testimony given had established a continuing partial disability causally related to her May 1, 1980 injury. The appellate commission held, therefore, that the state had not

met its burden of affirmatively proving that the employee's returning to her job would pose no hazard to her health. On February 17, 1983, the appellate commission entered a final decree modifying the decree of the trial commissioner and stating that compensation benefits to the employee should be modified to reflect her continued partial incapacity.

From this final decree the employer filed a timely notice of appeal. In support of its appeal, the employer raises two issues. First, the employer contends that the appellate commission erred as a matter of law in considering the appeal and overturning the trial commissioner because as its basis for doing so, the appellate commission relied on an issue the employee had failed to raise in her reasons of appeal. Second, the state contends that even if the appellate commission correctly considered the appeal, it incorrectly interpreted the medical evidence given in that such evidence did not show any continuing incapacity on the employee's part. We shall address these issues in the order in which they are set forth in the employer's brief.

■ Initially, we note that the appellate commission generally may not consider an issue unless that issue is properly raised on appeal by the party seeking review. *Bissonnette v. Federal Dairy Co.*, R.I., 472 A.2d 1223, 1226 (1984). The degree of particularity required of an appealing party in a Workers' Compensation Commission case, as set forth in G.L.1956 (1979 Reenactment) § 28–35–28,[1] is that each issue a party wishes the commission to consider must be specifically set forth. *Bissonnette*, 472 A.2d at 1226; *Lamont v. Aetna Bridge Co.*, 107 R.I. 686, 690, 270 A.2d 515, 518 (1970).

■ In the case at bar, the employer contends that the appellate commission acted outside the scope of its "jurisdiction"[2] when it considered issues that the employee had failed to state in her reasons of appeal. The employer asserts that, consequently, the appellate commission was incorrect in modifying the holding of the trial commissioner. The modification was based on the appellate commission's finding that the employer had failed to sustain its burden of proof of showing that the employee would sustain no further injury by returning to work as required by *Soprano Construction Co. v. Maia*, R.I., 431 A.2d 1223 (1981). The employer contends that this issue was not raised in the employee's reasons of appeal. We disagree with the employer's claim that none of the employee's reasons of appeal articulates this issue and that therefore the appellate commission should not have considered the *Maia* doctrine.

In this case, Hurley's ninth reason of appeal states that "the medical testimony established that the partial disability the respondent had was causally related to the original injury and the sequelae therefrom." This issue, as stated, is broad enough in scope to include the *Maia* issue within its parameters and sufficiently specific to allow the appellate commission to infer that the employee was asserting that

---

1. General Laws 1956 (1979 Reenactment) § 28–35–28 provides in pertinent part:
   "Within such time as a commissioner shall fix * * * the appellant shall file * * * reasons of appeal stating specifically all matters determined adversely to him which he desires to appeal, together with so much of the transcript of testimony and rulings as he deems pertinent thereto * * *."

2. We note, in addition, the employer's incorrect use of the term "jurisdiction." The issue in this case was not whether the appellate commission had jurisdiction to decide this issue. The appellate commission had jurisdiction to consider any issues that the trial commissioner decided adversely to Hurley as conferred by § 28–35–28. The issue was, rather, whether Hurley had "standing" to have her appeal upheld on the grounds discussed in *Soprano Construction Co. v. Maia*, R.I., 431 A.2d 1223 (1981), because the employer asserted that none of the reasons of appeal specifically stated that Hurley might incur further injuries if she returned to work. Here, we find that Hurley's ninth reason of appeal was broad enough in scope and sufficiently specific to encompass the issue raised in *Maia* and therefore established the necessary standing.

she would incur further injury if she returned to her prior duties. We find, therefore, that the appellate commission correctly considered this issue on appeal.

■■■ The second issue raised by the employer on appeal is that the appellate commission misconstrued evidence and overlooked that medical testimony before it which, employer argues, supports the conclusion that the employee was no longer disabled. We note initially that the benefits paid to an employee under the Workers' Compensation Act as compensation for injuries sustained while on the job are specifically intended to compensate the employee for loss of earning capacity and not for the injury itself. *Morgan v. Davol, Inc.*, R.I., 458 A.2d 1082, 1083 (1983); *Whittaker v. Health-Tex, Inc.*, R.I., 440 A.2d 122, 123 (1982). Subsequent to an employee's work-related injury, the employee and the employer may enter into an agreement setting forth whether the employee's injuries are partial or total and what amount of compensation the employee will receive during the period of incapacity. At any time subsequent to that agreement, the employer may petition the Workers' Compensation Commission for a review of the agreement, asserting that the employee's incapacity has been either reduced or ended and requesting either a reduction in the amount paid to the employee or a total cessation of those payments. When the employer requests such a modification, it is incumbent upon the employer to establish all the essential elements entitling it to relief. *Leviton Manufacturing Co. v. Lillibridge*, 120 R.I. 283, 287, 387 A.2d 1034, 1037 (1978); *Moss Construction Co. v. Boiani*, 84 R.I. 486, 489, 125 A.2d 147, 149 (1956). The employer may prevail by showing either that the employee has recovered from the injuries sustained and could therefore fully resume his duties without danger of harmful consequences or that the employee has at least regained his former earning capacity. *Lillibridge*, 120 R.I. at 287–88, 387 A.2d at 1037.

In support of its petition, the employer presented the testimony of Dr. William F. Garrahan, an orthopedic surgeon who had examined the employee on November 25, 1980. The employee presented Dr. Edwin J. Madden, also an orthopedic surgeon who had been the employee's treating physician over a period of time. In addition, the employee presented the deposition of Dr. Ernest Dunphy, Jr., a chiropractor who had treated the employee on several occasions including the period between June 29, 1981, and January 19, 1982. Relying on this testimony, the trial commissioner stated in his April 5, 1982 decree that the state had "proven by a fair preponderance of the credible evidence that the [employee's] incapacity for work ha[d] ended." To reach this result, the trial commissioner had construed the testimony of Dr. Garrahan and Dr. Madden as indicating that the employee was no longer disabled and therefore could return to work. The trial commissioner largely discounted the testimony of Dr. Dunphy.

On appeal the appellate commission examined the same testimony and applied thereto the rule set forth in *Soprano Construction Co. v. Maia*, R.I., 431 A.2d 1223 (1981). This case stands for a proposition frequently enunciated by this court that on a petition to review, it is the burden of an employer to prove by a fair preponderance of the competent evidence that the employee is capable of returning to work without adverse consequences to his physical well-being. *See Lillibridge*, 120 R.I. at 287–88, 387 A.2d at 1037.

As in *Maia*, the testimony of all three physicians in the case at bar was to the effect that although the employee had greatly improved and seemingly no longer suffered the symptoms of her back condition, it was highly doubtful that she could perform the functions of serving as a cook at the Ladd Center without a probable recurrence of a back strain. In this respect, the appellate commission found that the testimony of all three physicians was in

consonance and that no evidence to the contrary had been presented.

■ Although the findings of the trial commissioner are to be given great weight on review, *Davol, Inc. v. Aguiar*, R.I., 463 A.2d 170, 173 (1983), the appellate commission may examine the evidence and make its own findings of fact subsequent to a finding that the trial commissioner clearly erred or misconceived or overlooked material evidence. *Id.* 463 A.2d at 173–74; *Moretti v. Turin, Inc.*, 112 R.I. 220, 223, 308 A.2d 500, 502 (1973). In accordance with these standards, the appellate commission in this case found that the trial commissioner had misconceived material evidence in arriving at his determination. The appellate commission determined that the trial commissioner had focused neither on the requirements set forth in *Maia* that the employee be able to resume fully her duties as a cook nor on the evidence before the commission that established the probability of recurring injury if she were to do so. Rather, the trial commissioner had looked only to whether she had recovered from the symptoms of the May 1980 injury. Consequently, the appellate commission proceeded to examine the evidence independently and determined that the fair preponderance of the evidence showed the employee to be partially incapacitated.

■ It is a familiar principle often repeated by this court that findings of fact by the appellate commission are conclusive upon this court as long as there is competent evidence to support such findings. *Bissonnette*, 472 A.2d at 1225; *Beauchesne v. David London & Co.*, 118 R.I. 651, 653, 375 A.2d 920, 921 (1977); *Peloso, Inc. v. Peloso*, 103 R.I. 294, 300, 237 A.2d 320, 324 (1968). Our examination of the testimony of the three physicians reveals competent evidence to support the appellate commission's findings of fact in the instant case. Therefore, the appellate commission did not err in finding that the employee was not able to return to work without adverse consequences and thus was partially incapacitated.

For the reasons stated, the employer's appeal is denied and dismissed, and the final decree of the appellate commission is affirmed. The papers in the case may be remanded to the appellate commission.