**PARKWAY IGA**

v.

**George LYON.**

**No. 93–567–M.P.**

Supreme Court of Rhode Island.

Nov. 21, 1994.

Gerard Lobosco, Providence, for plaintiff.

Robert Smith Thurston, Jones Associates, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court on November 1, 1994, pursuant to an order issuing a writ of certiorari and directing the parties to appear and show cause why the issues raised in this petition should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this petition should be summarily decided.

On July 16, 1988, George Lyon (Lyon) suffered an injury to his lower back while working at Parkway IGA (Parkway). Pursuant to a memorandum of agreement between the parties, Lyon began receiving workers' compensation benefits. In December 1989 Parkway sought a petition to review, seeking to discontinue or to modify these benefits on the basis of a February 1989 medical examination by Dr. Mark Weiner and a September 1989 medical examination by Dr. Louis Mariorenzi. Both doctors believed Lyon could return to his regular employment. Following a hearing before the Department of Workers' Compensation on March 27, 1990, an order was entered reducing Lyon's benefits from a total to a partial incapacity. This order was based on a March 20, 1990, report of treating physician Julius Stoll, who believed that Lyon was able to perform light work at this time. Parkway appealed.

One month prior to the September 1990 hearing before trial judge Messore of the Workers' Compensation Court (WCC), Lyon was again examined by Dr. Stoll. On the basis of this August 1990 examination, Dr. Stoll expressed the belief that Lyon's condition had worsened into a total disability. However, on September 11, 1990, Judge Messore found in favor of Parkway, reasoning that on the basis of the earlier examinations by Doctors Mariorenzi and Weiner, the employer's physicians, Lyon had fully recovered from his work-related injury. She therefore terminated his benefits. A two-judge panel of the WCC affirmed. Subsequently a petition for certiorari to this court followed. Pursuant to *MacGibbon v. Tollgate Radiology*, 618 A.2d 1282 (R.I.1993), we remanded the case to the WCC Appellate Division. The appellate division affirmed the trial judge, and this subsequent petition for certiorari was granted.

We have previously stated in *Leviton Manufacturing Co. v. Lillibridge*, 120 R.I. 283, 293, 387 A.2d 1034, 1039–40 (R.I.1978), that

> "[t]he lapse of a period of 7 months, per se, between the medical examination and the hearing under the circumstances of the whole record does not so attenuate the relevance of the report as to make it inadmissible or unworthy of consideration by the full commission *in light of the absence of any evidence showing that the employee's condition had changed since the date of the examination.*" (Emphasis added.)

In the present case Dr. Mariorenzi's examination took place over one year prior to the hearing, and over a year and a half had elapsed since Dr. Weiner examined Lyon. Additionally, Dr. Stoll's examination one month before the hearing clearly constituted "evidence showing that the employee's condition had changed since the date of the examination[s]." *Id.* Therefore, we hold that the appellate division erred as a matter of law when it relied on the stale reports of Doctors Mariorenzi· and Weiner in affirming the trial judge.

For the forgoing reasons the petition for certiorari is granted, the final decree of the appellate division is quashed, and the papers of the case are remanded to the WCC for proceedings consistent with this opinion.

SHEA, J., did not participate in the decision.