Roger A. GARDNER

v.

DAVOL, INC.

No. 85–137–M.P.

Supreme Court of Rhode Island.

May 20, 1987.

Raul L. Lovett, Lovett, Schefrin & Gallogly, Ltd., George E. Furtado, Corrillo, Cordeiro & Katznelson, Providence, for respondent.

David F. Sweeney, Breslin & Sweeney, John Earle, Breslin & Sweeney, Warwick, for petitioner.

OPINION

PER CURIAM.

This workers' compensation case comes before this court for a second time. On an earlier appeal, the case was remanded by an order for reconsideration to the appellate commission in light of this court's opinion in *Davol, Inc. v. Aguiar*, 463 A.2d 170 (R.I. 1983). It is now here on a petition for certiorari to review the appellate commission's decision on remand. That decision denied benefits to the petitioner, but only two commissioners participated in it. We quash the decree and remand for reconsideration by a validly constituted appellate commission consisting of three members.

Between the rendering of the original decision of the appellate commission and our remand for reconsideration, one member of the original panel whose decision had been appealed from had left the Workers' Compensation Commission to accept an appointment as an associate justice of the Superior Court. Following our remand the two remaining panel members issued a decision.

General Laws 1956 (1986 Reenactment) § 28–35–28 provides in part:

"The chairman shall appoint an appellate commission of three (3) members of the commission to hear any claim of appeal and the decision of that three (3) members shall be binding on the appellate commission. * * * Notwithstanding the use in this title of the term 'appellate commission,' three (3) of the members of the commission shall constitute a quorum for the exercise of any of its powers and the performance of its duties."

It has been held repeatedly that the appellate commission's entire authority is statutory. In *Landry v. Cornell Construction Co.*, 87 R.I. 4, 7, 137 A.2d 412, 414 (1957), this court stated that "[t]he commission is a creature of the statute and derives therefrom whatever power it may possess." In *Cairo v. Sayles Finishing Plants, Inc.*, 83 R.I. 297, 301, 116 A.2d 188, 191 (1955), this court held that since the act had conferred appellate jurisdiction on a full commission, which at that time consisted of three members, the decision of the

appellate commission in *Sayles* in which only two members participated was null and void. The case was remanded for rehearing and redetermination.[1]

We do not reach the employee's claim that the appellate commission on remand did not actually reconsider the issues in the light of *Davol, Inc. v. Aguiar,* 463 A.2d 170 (R.I. 1983), as directed since the decree entered is vacated.

For these reasons the petition for certiorari is granted, the decree appealed from is quashed, and the papers of this case are remanded to the Workers' Compensation Commission with our decision endorsed thereon for reconsideration by the appellate commission pursuant to our direction to it in our order issued in appeal No. 84–109–A, dated September 28, 1984.

---

**1.** Cases holding that two appellate-commission members could transact commission business were based on P.L. 1956, ch. 3724, § 1, which required only two members for a quorum. These cases have no application here since the act was amended in 1978 to require three members for a quorum P.L. 1978, ch. 267, § 4.