**Theresa MACGIBBON**

v.

**TOLLGATE RADIOLOGY.**

No. 91-628-M.P.

Supreme Court of Rhode Island.

Jan. 12, 1993.

Gregory Boyer, Boyer, Reynolds & De-Marco, Providence, for plaintiff.

Thomas Bruzzese, Sicard, Bruzzese & Connor, Warwick, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari, seeking review of a final decree of the Appellate Division of the Workers' Compensation Court that dismissed an appeal from a decree of a trial judge that denied and dismissed the employee's petition.[1]

At the outset the issue presented to this court is whether the panel that considered the employee's appeal was legally constituted in accordance with statutory requirements.

General Laws 1956 (1986 Reenactment) § 28-35-28 states in pertinent part:

"Any person aggrieved by the entry of a decree by a judge may appeal to the appellate division * * *. The chief judge shall appoint appellate panels of three (3) members of the court to hear any claim of appeal * * *."

This language was in force at the time of the hearing in the instant case. The present wording of the statute was provided by P.L.1992, ch. 31, § 13.

---

1. General Laws 1956 (1986 Reenactment) § 28-35-28 was amended by P.L.1990, ch. 332, Art. 1, § 5 to read as follows:
   "The chief judge shall appoint an appellate division of three (3) members of the court to hear any claim of appeal * * *."

Pursuant to this statute, we held in *Gardner v. Davol, Inc.,* 525 A.2d 904 (R.I. 1987), that a hearing panel consisting of two commissioners (now judges) would be an invalidly constituted tribunal. Thereafter, the Workers' Compensation Commission issued rules approved by this court that provided for show-cause hearings. Included among these rules is Rule 4.5 of the Workers' Compensation Court Rules of Practice, which provides for show-cause hearings on appeals. The rule provides in pertinent part as follows: "The show cause argument shall be conducted before an Appellate Division panel * * *."

The rule does not purport to set a different number for the appellate panel than that set forth in the statute § 28–35–28.

The parties point out in their briefs that this appeal was argued pursuant to a show-cause order before a panel of two judges of the Workers' Compensation Court. We are unable to tell from the record whether more than two judges participated in this appeal.

Consequently we remand this case to the appellate division for a determination of whether three judges participated in the order denying the employee's appeal. If fewer than three judges participated, we direct that the appeal be reheard pursuant to the show-cause order before a panel of three judges in accordance with the statutory requirements of § 28–35–28. If the appellate division determines that three judges participated in this determination, then the case may be returned to this court for consideration of the other issues raised by this appeal.

For the reasons stated, the determination of the petition for certiorari is deferred pending resolution of the issue by the Appellate Division of the Workers' Compensation Court of the number of judges who participated in this appeal. The papers in the case may be remanded to the Appellate Division of the Workers' Compensation Court with our decision endorsed thereon.