339 A.2d 256.

STATE *vs.* GORDON W. COCHRANE.

JUNE 9, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. The defendant was tried before a jury in the Superior Court on an indictment in two counts charging him with possession and sale of marijuana. He admitted possessing and selling the substance in question, but denied that it was marijuana. The state called state toxicologist Richard J. Bushee as a witness. He testified, over the defendant's objection, that he examined the substance and that it was marijuana. The jury returned a verdict of guilty on both counts. The case is here on the defendant's appeal, which is expressly limited to "the issue of the admissibility of toxicologist testimony on botanical matters."

The defendant does not question Mr. Bushee's qualifications as an expert in the field of toxicology. Nor does the transcript indicate that defendant objected to Mr. Bushee's testimony that he had examined the subject substance and had determined the presence therein of the active ingredient tetrahydrocannabinol, an ingredient customarily referred to as THC. The defendant did object to Mr. Bushee's competence as a toxicologist to identify a botanical substance as cannabis.

Mr. Bushee testified that he performed a number of scientific examinations on the material in evidence, including a chemical analysis and a gastromatographic analysis. and that as a result of these tests he discovered the presence of THC in the plant. He was then asked whether there are any other plants, besides the cannabis plant, that have the ingredient THC. The defendant objected on the ground that this was not within his sphere of expertise. The witness was permitted to answer this question over defendant's objection. He then stated:

> "Of all the specimens that I've analyzed myself and taken plants that I have around the house and spices, so forth, and of all the materials that I've read about and information I've received from the Drug Enforcement Administration of the Federal Government, there are no other plants that I know of that would contain this active ingredient, THC."

He then testified, in reply to a question by the state, that his examination of the substance involved in this case showed that the material was cannabis or marijuana. The defendant moved to strike this testimony. He argued then, as he does now, that the designation "cannabis" or "marijuana" is for the "determination of a botanist" and that while the witness was qualified in the field of chemistry, he was not qualified in the field of botany. The trial justice denied defendant's motion to strike.

Mr. Bushee further testified that he had been analyzing

this particular plant, cannabis, for about 15 years; that during the first 3 years he received intensive training in the analysis of cannabis from Alfred Villatico, the chief state toxicologist; and that ever since that time he had been doing these analyses for cannabis, both microscopically and by chemical analysis of this plant.

The narrow issue raised by defendant's appeal is whether the trial justice erred, as defendant argues, in allowing Mr. Bushee, an admittedly qualified toxicologist, to testify to the identity of the subject evidence as cannabis. We find no error and for the reasons that follow affirm.

The question of whether a witness may give expert testimony on a particular subject is properly addressed to the sound judicial discretion of the trial justice and will not be disturbed by this court except for abuse of such discretion. The same rule applies in both civil and criminal cases. *Anderson* v. *Friendship Body & Radiator Works, Inc.,* 112 R. I. 445, 448, 311 A.2d 288, 291 (1973); *State* v. *Robertson,* 108 R. I. 656, 662, 278 A.2d 842, 846 (1971); *State* v. *Gregoire,* 88 R. I. 401, 406-07, 148 A.2d 751, 753 (1959); *State* v. *Douglas,* 78 R. I. 60, 65, 78 A.2d 850, 853 (1951); *State* v. *Smith,* 70 R. I. 500, 511, 41 A.2d 153, 158 (1945); *State* v. *Prescott,* 70 R. I. 403, 414, 40 A.2d 721, 727 (1944).

In the case at bar the trial justice, in passing on the state toxicologist's competence to testify, said in substance that even though Mr. Bushee was not a botanist, his training and 15 years' experience in the analysis of cannabis was sufficient to qualify him to give testimony as to whether the substance involved in this case was cannabis. We agree. In light of Mr. Bushee's training and experience in the analysis of cannabis, we fail to see how it can be said that he lacked competence to identify the evidence as cannabis.

This case is closely analogous to the situation in *Morgan v. Washington Trust Co.*, 105 R. I. 13, 20, 249 A.2d 48, 52 (1969), where a physician was allowed to testify as to his interpretation of certain X-ray films. The physician had testified that he was not an expert in radiology, but that he had had years of experience in reading certain types of X-rays and that he could interpret the X-ray plates in question. In finding that the trial justice did not abuse his discretion in admitting the physician's testimony interpreting the X-rays, we pointed out that the fact that the physician there was not a specialist in the field of radiology went to the weight and not the admissibility of the doctor's testimony. The same is true in the case at bar. The fact that Mr. Bushee was not a botanist went to the weight of his testimony, but did not affect his qualifications or competency to testify as to the identity of the subject evidence.

The defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the case is remitted to the Superior Court.

*Julius C. Michaelson*, Attorney General, *William G. Brody*, Special Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian*, for defendant.