397 A.2d 509.

PETER C. LEAHEY *vs.* STATE OF RHODE ISLAND.

FEBRUARY 2, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.    This is an appeal from a decree of the Workers' Compensation Commission (the commission) affirming the decree of the trial commissioner, who denied and dismissed the plaintiff's original petition. We issued an order directing the plaintiff (Leahey) to show cause why his appeal should not be dismissed, in light of the long-established rule that absent fraud, the findings of the commission are conclusive if based upon legally competent evidence. R.I., 392 A.2d 929 (1978).

Leahey began employment at the Housing Department of the University of Rhode Island (the University) on June 2, 1973, where his work consisted of moving furniture in the school dormitories. Leahey testified that 2 years later he strained his right shoulder while moving refrigerators. Because the pain and soreness persisted, however, Leahey was forced to discontinue moving furniture for the Housing Department. He then commenced work in the Department of Arts and Sciences. His new duties required him to operate a calculator, which necessitated extending his arm to remove tapes. Unfortunately, the constant use of his arm caused his shoulder to become sore, and Leahey left his work at the Department of Arts and Sciences. He subsequently attempted to hold various other jobs but was unable to perform adequately because of the difficulty he experienced in moving his arm.

Leahey then brought a petition for workers' compensation benefits. At the hearing before the trial commissioner, Dr. Robert L. Conrad, Leahey's expert witness, testified that in

his opinion no causal connection existed between Leahey's injury and his work moving refrigerators. Doctor Conrad also testified that he had referred Leahey to an orthopedic surgeon for further consultation.

Leahey raises two issues before us. First, he contends that the testimony of Dr. Conrad should not have been admitted, and, once admitted, should not have been given any weight because the doctor was not an orthopedic specialist. Because of this allegedly incompetent testimony, Leahey further argues that the finding of the commission is unsupported by legally competent evidence.

We disagree with Leahey's initial contention. This court has stated on numerous occasions that qualifying expert witnesses is a matter addressed to the sound discretion of the trial justice. Absent a showing of abuse, we will not disturb the exercise of that discretion. *Schenck* v. *Roger Williams General Hospital*, 119 R.I. 510, 520, 382 A.2d 514, 519 (1977); *State* v. *Cochrane*, 114 R.I. 710, 712, 339 A.2d 256, 258 (1975), *citing Morgan* v. *Washington Trust Co.*, 105 R.I. 13, 20, 249 A.2d 48, 52 (1969).

The trial commissioner has acted within his discretion in admitting the testimony of Dr. Conrad. Although admittedly not an expert in orthopedics, he is a specialist within his own area of competency, namely general surgery. Furthermore, as evidenced by his testimony, Dr. Conrad, was familiar with injuries of a similar nature. The fact that he is not a specialist in the orthopedic field might bear upon the weight given to his testimony, but does not affect the admissibility of his testimony. *Schenck* v. *Roger Williams General Hospital*, 119 R.I. at 521, 382 A.2d at 520; *Morgan* v. *Washington Trust Co.*, 105 R.I. at 20, 249 at 52. It was therefore not error for the trial commissioner to admit and consider the testimony of Dr. Conrad.

As noted above, the scope of our review is limited to the standard that absent fraud, the findings of the commission are binding if supported by legally competent evidence.

*Leviton Manufacturing Co.* v. *Lillibridge*, 120 R.I. 283, 287, 387 A.2d 1034, 1036-37 (1978); *Jobin* v. *American Drilling & Boring Co.*, 118 R.I. 480, 484, 374 A.2d 799, 801 (1977). Because we find that Dr. Conrad's testimony is legally competent, we need not address Leahey's second contention.

The petitioner's appeal is denied and dismissed, and the decree appealed from is affirmed.

*Carroll, Kelly & Murphy, Dennis S. Baluch,* for petitioner.

*Julius C. Michaelson,* Attorney General, *Richard B. Woolley,* Special Assistant Attorney General, for respondent.