480

408 A.2d 1211.

STATE *vs.* JOHN G. LEMIRE.

DECEMBER 17, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

KELLEHER, J.   The defendant, John G. Lemire (Lemire), was convicted after a jury-waived trial in the Superior Court on a one-count complaint that charged him with the illegal possession of marijuana. His appeal is based upon the trial justice's acceptance of a toxicologist's report.[1]

On May 2, 1977, the state police, acting pursuant to an arrest warrant, took Lemire into custody at approximately 10:15 p.m. while he was at work in Cranston at the Institute of Mental Health. Lemire had failed to appear in the District Court to answer a criminal complaint charging him with assaulting a patient. The arresting officers took Lemire to the nearby Howard barracks where they were notified that,

---

[1] A second ground of the defendant's appeal was his claim that his conviction could not stand because the incriminating evidence was obtained as a result of an illegal search. Subsequently, his counsel executed and filed with the clerk a stipulation withdrawing this claim.

because of the lateness of the hour, the prisoner would have to be held in custody overnight. Since the Howard barracks had no "lock up," it was necessary to transport Lemire to the Lincoln barracks. Departmental regulations require a full body search of all persons who are to be incarcerated overnight. During the search that night, a trooper saw a bulge in one of Lemire's pants pockets and extracted therefrom a plastic bag containing a substance later identified by the toxicologist as marijuana.

Lemire contends that only a botanist is qualified to give an opinion regarding whether the contents of the packet was marijuana. The report in question was prepared by the Toxicology Branch - Law Enforcement Laboratory of the Rhode Island Department of Health's Division of Public Health. The report, bearing the signatures of the certifying toxicologist and the supervising toxicologist, identifies the substance found in the packet as marijuana.

The identical issue raised here was raised and rejected by us in *State* v. *Cochrane,* 114 R.I. 710, 339 A.2d 256 (1975). There we said that the question of whether a toxicologist, rather than a botanist, was qualified to identify a suspected substance as marijuana is a matter addressed to the sound discretion of the trial justice. We saw no abuse of discretion in *Cochrane,* and we see none here.

The defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the case is remanded to the Superior Court.

*Dennis J. Roberts II*, Attorney General, *John J. McMahon*, Special Assistant Attorney General, for plaintiff.

*Aram K. Berberian*, for defendant.