**Violet AJOOTIAN**

v.

**Steven HAZARD, Tax Assessor of the Town of Foster.**

**No. 82–226–Appeal.**

Supreme Court of Rhode Island.

Feb. 20, 1985.

---

Charles J. Ajootian, Providence, for plaintiff.

Edmund L. Alves, Jr., Gorham & Gorham, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

These cases come before us on appeal from a judgment of the Superior Court dismissing six petitions for relief from assessment of taxes. The petitioner, Violet Ajootian, has appealed only from the judgment in two of her six petitions. Nevertheless, the issues raised on this appeal were common to all of the cases presented to the Superior Court. We affirm the judgment. The facts and the travel of the cases are as follows.

The petitioner at all times pertinent to this controversy was the owner of a tract of land containing about 126 acres located in the town of Foster. For tax purposes the land was designated as lot 24 on tax assessor's plat No. 5. During the year 1974 petitioner sought and received a forest-land certificate [1] from the Rhode Island Department of Environmental Management as authorized by G.L. 1956 (1970 Reenactment) § 44–27–4(a).[2] It is undisputed by the parties that land so classified should be assessed as forest land only, without taking into account in determining such assessed valuation other uses to which the land might be adaptable or suitable. At the time of the granting of this certificate the tax assessor of the town of Foster had determined for the taxable year 1974 an assessed valuation on this property of $14,840.

For the taxable year 1975 the assessor again valued this tract at $14,840. When petitioner protested that her valuation should be reduced because of the forest-land certificate, the then assessor of taxes responded that this tract had been valued as forest land prior to the granting of the certificate and therefore no reduction in value was warranted. This led to a series of challenges to valuations by the assessor for the taxable years 1975, 1976, and 1977. Thereafter, petitioner filed in the Superior Court an action for injunctive relief to require that the assessor reduce the valuation of her property to conform to the forest-land designation. In response to that action a justice of the Superior Court held in substance that the granting of a forest-land certificate did not qualify the land for an immediate reduction in valuation under circumstances in which the land had already been taxed as "undeveloped land or open land." The justice then proceeded to deny petitioner's complaint. An

appeal was claimed to this court from that judgment.

While the case was pending on appeal, a prebriefing conference was held before a single justice of this court, and by agreement of the parties an order was entered remanding the case to the Superior Court in order that an evidentiary hearing might be held to determine for each of the disputed years the value of this tract as forest land. It has been agreed by the parties that § 44–5–12 provided the controlling legal principles for such hearing. This section states:

"All property liable to taxation shall be assessed at its full and fair cash value, or at a uniform percentage thereof, not to exceed one hundred per cent (100%), to be determined by the assessors in each town or city; provided, however, that in assessing real estate which is classified as farm land, forest or open space land in accordance with [chapter 27] of this title the assessors shall consider no factors in determining the full and fair cash value of said real estate other than those which relate to said use without regard to neighborhood land use of a more intensive nature."

Pursuant to this order a consolidated trial was held relating to all of the petitions for relief from assessment of taxes that had then been filed. This trial was conducted without a jury and dealt with the valuations of the subject property for the taxable years 1975, 1976, 1977, 1978, 1979, and 1980. For the taxable years 1975 through 1979 the assessment remained at a valuation of $14,840. Prior to December 31, 1979, a reevaluation of all taxable property had taken place in the town of Foster, and as a result thereof for the taxable year 1980 the subject property was valued at $25,750.

1. This certificate applied to 121.3 acres of the subject property.

2. The current version of § 44–27–4(a) may be found in the 1980 Reenactment. The wording of the statute has remained virtually unchanged from the time of the issuance of the forest-land

certificate under the 1970 Reenactment, with the exception that the 1980 Reenactment substituted "director of the department of environmental management" for "chief of the division of conservation."

In support of her six petitions for relief from assessment of taxes, petitioner presented three witnesses. The first witness was an assistant professor in the Department of Resource Economics at the University of Rhode Island. This witness had received a degree in Agricultural Economics but had engaged in research and teaching that concerned forest, fisheries, and land use. He was currently engaged in research in respect to production and consumption of fuel wood in the Northeast. He did not purport to have had any experience in the sale or appraisal of land in the State of Rhode Island or elsewhere.

The second witness presented was a graduate of the University of New Hampshire with a bachelor of science degree in forestry. Although this witness had had some experience in the sale of wood and logs, he had no experience in the sale of real estate or the appraisal of real estate based on either comparable sales or the income method of valuation.

As a consequence, the trial justice declined to allow either of these witnesses to give an opinion concerning the value of the subject real estate during any of the years in question.

The third witness presented was the tax assessor, Steven Hazard, who was presented as an adverse witness. He testified in substance that for each of the years in question the subject property had been valued as forest land. He stated that comparable sales were used in determining the value of this forest land with adjustments for the larger size of the subject tract. Mr. Hazard had been the assessor for the taxable year 1980 only.[3]

At the conclusion of petitioner's evidence, respondent tax assessor moved to dismiss the petitions pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure. The trial justice granted this motion on the ground that petitioner had failed to present evidence that her property

was overvalued as forest land during any of the years in question.

In support of her appeal petitioner raises seven questions that may be grouped for our purposes under four main issues. These issues, as framed by the court, will be considered in the order of their significance.

I

## DID THE TRIAL JUSTICE ERR IN RELYING UPON COMPARABLE SALES IN DETERMINING THE VALUE OF THIS FOREST LAND?

■ This court has held on numerous occasions that comparable sales should be used in the valuation of real estate in the event that such comparable sales are available. *See J.W.A. Realty, Inc. v. City of Cranston,* 121 R.I. 374, 399 A.2d 479 (1979); *Golden Gate Corp. v. Providence Redevelopment Agency,* 106 R.I. 371, 260 A.2d 152 (1969); *Manning v. Redevelopment Agency of Newport,* 103 R.I. 371, 238 A.2d 378 (1968). In the case at bar the only witness qualified to testify by the trial justice asserted that the comparable sales method was used in valuing this property as forest land with an adjustment for the size of the tract. In adopting this valuation criterion, the trial justice applied the correct rule of law.

II

## DID THE TRIAL JUSTICE ERR IN EXCLUDING THE TESTIMONY OF PETITIONER'S EXPERT WITNESSES?

■ This court has frequently held that the determination of the competency of an expert witness to testify lies within the sound discretion of the trial justice and that his decision will be disturbed on appeal only for abuse of such discretion. *See, e.g., Lacey v. Edgewood Home Builders, Inc.,* R.I., 446 A.2d 1017 (1982); *Leahey v. State,*

---

3. Mr. Hazard was assessor during a portion of 1978, but the valuation for the tax year 1979 was performed by his predecessor in office.

However, he testified concerning the earlier years from office records.

121 R.I. 200, 397 A.2d 509 (1979); *Schenck v. Roger Williams General Hospital,* 119 R.I. 510, 382 A.2d 514 (1977).

In the case at bar no abuse of discretion by the trial justice can be found. The two witnesses presented by petitioner as experts were utterly without experience in the valuation of land of any type. Although petitioner made reference to the utilization of an income approach to valuation, these witnesses were unable to state that comparable sales were unavailable and further were unable to give an opinion concerning the value of land based upon any theory, utilizing the capitalization of income or otherwise. Indeed, in view of their lack of qualifications, the trial justice would have been remiss to allow either of them to testify concerning the value of this tract of land.

### III

DID THE TRIAL JUSTICE ERR IN GRANTING RESPONDENT'S MOTION TO DISMISS AT THE CLOSE OF PETITIONER'S EVIDENCE?

Rule 41(b)(2) of the Superior Court Rules of Civil Procedure provides in pertinent part:

"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence the defendant * * * may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff * * *."

We have interpreted this rule as authorizing the trial justice to pass upon such a motion as a trier of both law and fact. *Judd Realty, Inc. v. Tedesco,* R.I., 400 A.2d 952, 955 (1979). He reviews the evidence no differently from the manner in which he would review evidence in a nonjury case where both the plaintiff and the defendant have completed their cases. *Rowell v. Kaplan,* 103 R.I. 60, 235 A.2d 91 (1967). On appeal our standard of review

has often been stated that the findings of fact of the trial justice will not be disturbed unless he has overlooked or misconceived relevant evidence or was otherwise clearly wrong. *See, e.g., J.K. Social Club v. J.K. Realty Corp.,* R.I., 448 A.2d 130 (1982); *Town of Charlestown v. Beattie,* R.I., 422 A.2d 1250 (1980); *Judd Realty, Inc., supra.*

In respect to all taxable years except 1980 no competent evidence was presented in support of the petition since Mr. Hazard had not been the assessor during the prior periods. In respect to the taxable year 1980 Mr. Hazard's testimony supported the assessment. As to the earlier years the trial justice held that in the absence of evidence to the contrary the assessments for those years were presumed to be correct. In so holding, he followed established principles relating to the presumption of validity accorded acts of public officials, including tax assessors. *CIC-Newport Associates v. Stein,* 121 R.I. 844, 852, 403 A.2d 658, 662 (1979); *Bruyere v. Castellucci,* 98 R.I. 129, 200 A.2d 226 (1964).

In the case at bar, the trial justice applied the correct rules of law and did not overlook or misconceive relevant evidence on any issue. He found the facts essential to his decision of the case on the basis of the only competent evidence which was put before him together with the application of appropriate presumptions of fact and law. Not only was the trial justice not clearly wrong, but his findings of fact were eminently correct and impelled by the evidence and lack of evidence before him.

### IV

DID THE TRIAL JUSTICE ERR IN REFUSING TO GRANT A REDUCTION IN VALUE BASED SOLELY UPON THE GRANTING OF THE CERTIFICATE OF CLASSIFICATION AS FOREST LAND?

This issue raised by petitioner is wholly without merit. At all times perti-

nent to this controversy the provisions of § 44–5–12 were controlling. That section provided that

"in assessing real estate which is classified as farm land, forest or open space land in accordance with [chapter 27] of this title the assessors shall consider no factors in determining the full and fair cash value of said real estate other than those which relate to said use without regard to neighborhood land use of a more intensive nature."

There is not a shred of evidence in this case that the tax assessor of Foster took into account any factors in determining the value of the subject property other than its use as forest land. The certification merely directs the tax assessor to value the subject property in accordance with its designation. This the tax assessor of Foster has done throughout the period of this controversy. The trial justice's findings to this effect are supported by the only evidence before him and are, therefore, unassailable on appeal.

▬ The petitioner also argues that the tax assessor discriminated against her by giving no greater benefits to her than to those owners of forest land who did not have such a certificate. We believe that this argument is wholly unpersuasive. Nothing in the statute purports to do more than create a conclusive presumption that land in respect to which a certificate is issued is in fact forest land. This statute requires the assessor to value such land without regard to more intensive uses that may exist in the neighborhood. Nothing in the statute purports to prevent a tax assessor from valuing other land as forest land if it is appropriate to do so.

Other issues raised by the petitioner are so lacking in merit as not to require discussion.

For the reasons stated, the appeal of the petitioner is denied and dismissed. The judgment of the Superior Court dismissing the petitions for relief from assessment of taxes is hereby affirmed. The papers in these cases may be remanded to the Superior Court.

SHEA, J., did not participate.