Eugene R. LaROSE

v.

**STATE of Rhode Island INSTITUTE OF MENTAL HEALTH.**

83–307–M.P.

Supreme Court of Rhode Island.

Feb. 4, 1986.

Raul L. Lovett/Marc B. Gursky (Lovett Schefrin & Gallogly, Ltd.), Providence, for plaintiff.

Arlene Violet, Atty. Gen., Madis T. Suvari, Sp. Asst. Atty. Gen., for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an original petition for compensation under the Workers' Compensation Act. It is before us on the employee's appeal from a decree of the appellate commission affirming the decree of the trial commission, which denied and dismissed the employee's petition for disability benefits.

The facts are not in dispute. On February 14, 1981, Eugene R. LaRose, an employee of the State of Rhode Island Institute of Mental Health, suffered a heart attack after having returned home for the evening. In January of 1981 employee went to the Kent County Hospital with chest pains. He was required to take two weeks off from work because of his condition. On February 13, 1981, employee felt all right but was experiencing slight pain in his chest. He was also depressed because things were not going right at work. On February 14, 1981, employee worked all day with minor chest pains. Between the hours of 9:30 p.m. and 10 p.m., employee started to suffer chest pains while he was in bed. He went to Kent County Hospital at around midnight. On May 12, 1981, employee filed a petition for Workers' Compensation benefits in which he alleged that his heart attack was a product of work-related stress.

At the hearing before the trial commissioner, employee testified that he had been working as a charge attendant in the same building for approximately twelve years, but during the past six years things had changed drastically. The number of attendants remained about the same, but personnel changes had taken place. The employee's duties included making assignments to other attendants and supervising

their work. At times, employee was required to lift and restrain patients. The employee worked the first shift and was able to work overtime. On February 14, 1981, employee left work at 3:30 p.m. and began to experience pain later that evening. Notice of the alleged injury was given to one Betty Fielder, but she had not been informed that it was work related. The employee further testified that he had not restrained anyone during the two-week period preceding his heart attack.

The case was heard before the trial commissioner who ordered the petition denied and dismissed. The trial commissioner determined that employee had failed to prove by a fair preponderance of the credible evidence that his heart attack of February 14, 1981, arose out of and in the course of his employment. The trial commissioner noted that the medical testimony fell short of the probative value necessary to link employee's condition to his employment. The appellate commission failed to perceive error on the part of the trial commissioner and affirmed.

The sole issue on appeal is whether the appellate commission's affirmance of the trial commissioner's denial of the employee's petition for compensation benefits is supported by competent evidence.

■ We note initially that the burden of proving the allegations set forth in his petition lies with the employee. *Mastronardi v. Zayre Corp.*, 120 R.I. 859, 862–63, 391 A.2d 112, 115 (1978). The employee therefore must establish a nexus between his physical condition and his employment. Absent fraud, the findings of the Workers' Compensation Commission are binding and conclusive if supported by any legally competent evidence. *Leahey v. State*, 121 R.I. 200, 201, 397 A.2d 509, 510 (1979); *Leviton Manufacturing Co. v. Lillibridge*, 120 R.I. 283, 287, 387 A.2d 1034, 1036–37 (1978).

In the instant case, employee's treating cardiologist testified that in January 1981, employee had experienced chest pains while at work and while playing various sports including billiards. The cardiologist testified that employee had returned to the hospital on February 14, 1981, because of more persistent chest pains. The doctor further testified that stress had probably contributed to employee's heart attack. However, on cross-examination, the doctor admitted that such stress could be generated by many of employee's activities besides work, such as playing sports and running a snowblower. In addition the cardiologist cited as potential contributing heart-attack causes the fact that employee "smokes cigarettes and lives in the United States."

The trial commissioner found that the employee had failed to prove by a fair preponderance of the credible evidence that his injury arose out of and in the course of his employment. Specifically, the commissioner found that the cardiologist's testimony fell short of the probative value necessary to tie in the employee's condition with his employment.

■ Our examination of the record reveals that the commission's decision was supported by legally competent evidence. *Mulcahey v. New England Newspapers, Inc.*, — R.I. —, —, 488 A.2d 681, 684 (1985). Accordingly, the employee's appeal is denied and dismissed, and the decree appealed from is affirmed.