Linda PROCACCINI

v.

Carol DONATELLI et al.

No. 95–125 Appeal.

Supreme Court of Rhode Island.

April 12, 1996.

David A. Schechter, Providence.

Michael Civittolo, Providence.

**ORDER**

This matter came before the Supreme Court pursuant to an order directing the parties to appear and show cause why this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The plaintiff, Linda Procaccini (plaintiff), appeals from a Superior Court judgment entered in favor of defendants, Carol and Robert Donatelli (defendants), following a Superior Court jury trial. The facts giving rise to the instant appeal follow.

The plaintiff filed suit against defendants in the Superior Court on April 25, 1990, alleging that she sustained personal injuries as a result of a 1987 collision between her vehicle and defendants' vehicle. At the Superior Court trial, the jury was asked to respond to the following interrogatory: Has "plaintiff proved by a preponderance of the evidence that the defendants were negligent and that defendants' negligence was a proximate cause of injuries to plaintiff?" The jury responded in the negative and found in favor of defendants.

The plaintiff argues on appeal that the trial justice erred in refusing to admit the testimony of Dr. Nai Che Tsai (Tsai), an acupuncturist who had treated plaintiff from 1989 through 1993. The trial justice would not allow Tsai to testify on the basis that his testimony would not assist the trier of fact in reaching its decision.

The admission of expert testimony lies within the sound discretion of the trial justice. *State v. Capalbo,* 433 A.2d 242, 246 (R.I.1981); *Leahey v. State,* 121 R.I. 200, 202, 397 A.2d 509, 510 (1979). Rule 702 of the Rhode Island Rules of Evidence states the criteria for the admission of expert testimony as follows:

"**Testimony by experts.**—If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of fact or opinion."

In the instant case, the trial justice specifically stated that Tsai is an expert in the field

of acupuncture, but that he did not have "scientific, technical or other specialized knowledge" which would assist the jury in understanding plaintiff's medical condition. We are persuaded that the trial justice acted well within her discretion in refusing to permit Tsai to state his opinion regarding plaintiffs' medical diagnosis.

The plaintiff next argues that Tsai should have been permitted to testify to his treatment of her on the basis of the diagnosis of another doctor who had testified, Dr. Paul Aaron (Aaron). The trial justice disallowed Tsai's testimony because it was unclear whether Tsai's testimony of his treatment would relate to conditions diagnosed by Aaron and established by him as being causally related to the accident.

In respect to this argument, we note that even if the trial justice improperly excluded Tsai's testimony regarding his treatment, it would have had no bearing on the outcome of the trial since the evidence related solely to plaintiffs' damages. In the instant case, the jury specifically found that plaintiff's injuries were not proximately caused by the collision. Hence, even if the exclusion of the evidence were erroneous, we are of the opinion that it was harmless because the jury concluded that plaintiff had failed to prove that defendants' negligence was the proximate cause of her alleged injuries.

The trial justice also properly permitted a police officer to testify concerning plaintiff's ability to use her hands at a time subsequent to the accident. The plaintiff asserts that the prejudicial effect of the officer's testimony exceeded its probative value. However, plaintiff herself had put in issue the extent of injuries to her hand. Thus, the trial justice properly admitted the testimony. It is important to note that the trial justice gave the jury a timely limiting instruction in which she advised them that the evidence was being admitted for the sole purpose of determining the extent of plaintiff's injuries and only to impeach her credibility. The jury was specifically told not to consider the officers' testimony as evidence of plaintiff's character or to show that she was guilty of wrongdoing. We find no error in the trial justice's admission of this evidence.

For these reasons the plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed. The papers of the case are remanded to the Superior Court.