STATE

v.

Christopher GOLEMBEWSKI.

No. 2000–423–C.A.

Supreme Court of Rhode Island.

Feb. 14, 2002.

Thomas Dickinson, for Plaintiff.

Aaron L. Weisman, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Christopher Golembewski, has appealed a judgment of conviction for assault with a dangerous weapon,[1] arguing that the trial justice erred in denying his motion for a new trial and commit-ted reversible error in instructing the jury that a knife is a dangerous weapon. This case came before the Supreme Court for oral argument on January 30, 2002, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Having reviewed the record and the memoranda of the parties and having heard the oral arguments of counsel, we conclude that cause has not been shown and that the issues raised by this appeal should be decided at this time. For the reasons set forth below, we sustain the defendant's appeal, vacate the judgment of conviction, and remand the case for a new trial.

On August 23, 1998, at about 2 a.m., an altercation developed outside the Bookstore Cafe in Providence, Rhode Island, pitting defendant and his friends, Jonathan Lukas and Joseph Comeau, against Michael Pensa (Pensa) and his friends, Michael Chute and Dan Ghosh–Roy. Pensa was stabbed several times during the scuffle. The defendant and his companions then fled to defendant's apartment, where he dialed 9–1–1 to report the incident. At trial, defendant contended that he was not the person who stabbed Pensa. The jury returned a guilty verdict, and after denying defendant's motion for a new trial, the trial justice sentenced defendant to fifteen years, suspended, with fifteen years probation. The defendant appealed, arguing that (1) the trial justice erred in denying his motion for a new trial, and (2) the trial justice impermissibly relieved the state of its burden of proving all elements of the crime, by instructing the jury that a knife is a dangerous weapon. We address these arguments in turn.

1. The defendant was also charged with assault with intent to murder, but the state dismissed the count at the close of its case pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure.

■ The well-established procedure to which a trial justice must adhere in considering a motion for a new trial was definitively summarized in the civil case of *Barbato v. Epstein,* 97 R.I. 191, 193–94, 196 A.2d 836, 837 (1964), and since that time we have reiterated this standard in criminal cases. In reviewing a motion for a new trial, "the trial justice acts as a thirteenth juror and exercises independent judgment on the credibility of witnesses and on the weight of the evidence." *State v. Banach,* 648 A.2d 1363, 1367 (R.I.1994) (citing *State v. Marini,* 638 A.2d 507, 515 (R.I.1994)). If, after completing this independent review, the trial justice disagrees with the jury's verdict and "if it is specifically found that the verdict is against the fair preponderance of the evidence and fails to do substantial justice," *State v. Luanglath,* 749 A.2d 1, 4 (R.I.2000) (quoting *State v. Dame,* 560 A.2d 330, 333 (R.I. 1989)), the new-trial motion may be granted. If, however, "the trial justice finds that the evidence is balanced or that reasonable minds could differ, then the motion for a new trial must be denied." *Id.* Whether or not the trial justice grants the motion, he or she should "set out in some reasonable manner the material factual evidence or the absence thereof, direct or circumstantial, upon which his or her ruling is based." *State v. Vorgvongsa,* 670 A.2d 1250, 1252 (R.I.1996). If the trial justice has complied with this procedure and has adequately articulated the rationale for his or her decision, the result will be given great weight, and "this Court will not disturb the decision unless the trial justice has overlooked or misconceived material evidence or was otherwise clearly wrong." *Luanglath,* 749 A.2d at 4 (citing *State v. Bleau,* 668 A.2d 642, 646 (R.I. 1995)).

On appeal, defendant contended that the trial justice failed to follow the appropriate steps in considering the new-trial motion.

We agree. In this case, the trial justice commented on the testimony of only two of the witnesses in his ruling on defendant's motion. Specifically, he noted the inconsistencies between Pensa's testimony and that of Charles Harrington, a security guard who was the only other eyewitness to identify defendant as the perpetrator of the stabbing:

"Mr. Pensa, the victim, identified the defendant and said that he thought he was being scratched but he didn't believe he had more than about two or three drinks. Judging from the pictures of the wound which helped me to believe he had more than two or three drinks but he said he grabbed the hand of the assailant when he jumped on his back and saw him face-to-face. Mr. Harrington, who was some distance away, said that he saw a person doing stabbing motions standing up. Mr. Pensa said he was on all fours when he assaulted him."

Yet, the trial justice proceeded to deny defendant's motion, stating:

"I have reviewed the evidence and looked at the exhibits. I personally don't agree with the jury but I cannot say that reasonable men—that a reasonable jury could not have come down with the verdict it came down with and I can't interject my personal feelings over the jury when I find the jury could, based on the evidence, come to the verdict they did. Therefore, I reluctantly deny the motion for new trial."

Here, the trial justice appeared to have exercised his independent judgment in assessing credibility of witnesses, found that because the two eyewitnesses who identified defendant gave conflicting accounts of the stabbing, their testimony was unreliable, and believed that the jury verdict was against the weight of the evidence. In such a case, where a trial justice has found

that the verdict failed to do substantial justice, it is his or her duty to grant defendant's new-trial motion. In this case, however, the trial justice took an inexplicable turn in his analysis and, without identifying any specific testimony or evidence for support, declared that a reasonable jury could have reached a guilty verdict. Having failed to set forth the evidence that persuaded him that reasonable minds could differ and therefore caused him—contrary to his own independent judgment—to uphold the jury's verdict, we are of the opinion that the trial justice erred in denying defendant's motion for a new trial.

■ Second, defendant claimed that the trial justice committed reversible error in instructing the jury that a knife is a dangerous weapon. Specifically, the trial justice charged the jury:

"The elements the state must prove beyond a reasonable doubt are that there was an assault. The state must prove there's a dangerous weapon. I'll tell you now a knife is a dangerous weapon. The dangerous weapon caused serious bodily injury and then it shows a substantial risk of death or serious permanent disfigurement."

At sidebar, defense counsel raised the following objection:

"My only objection is to the last comment the Court made about a knife is a dangerous weapon. There really hasn't been any testimony in this case that a knife was the implement and it is sort of speculation. Well, I mean Judge there's been no knife. I mean we hear stabbing but there is no evidence it was a knife. It could have been a piece of metal, I mean. That's my objection."

The prosecution also objected to the charge:

"My only concern was I believe you charged an element that I don't need to prove, ADW. I don't think the law requires me under that portion of the statute to prove serious body injury. I may have it here anyway but I don't believe it is an element as I read the statute. I think it's fairly clear that what should have been charged here was a simple assault with a dangerous weapon. The only time we need to prove serious body injury is when the assault does not involve a weapon; that's what makes it a felony assault. ADW is by definition a felony assault."

■ A review of the elements of assault with a dangerous weapon reveals several defects in the trial justice's charge. General Laws 1956 § 11–5–2(a),[2] entitled "Felony assault," provides in pertinent part:

"Every person who shall make an assault or battery, or both, with a dangerous weapon, or with acid or other dangerous substance, or by fire, or an assault or battery which results in serious bodily injury, shall be punished by imprisonment for not more than twenty (20) years."

As the prosecution correctly pointed out in its objection, the state may thus establish a felony assault *either* (1) by proving that an assault or battery was carried out with a "dangerous weapon," acid, or other dangerous substance; *or* (2) by proving that an assault or battery occurred, which resulted in "serious bodily injury," as that term is defined by statute. *See* § 11–5–2(c). If the prosecution takes the former route, it may satisfy the "dangerous weapon" element either (a) by establishing that

---

2. We rely on the 1994 Reenactment, as amended by the 1998 Pocket Supplement, which was the applicable law on the date of the alleged stabbing. The 2000 Reenactment redesignated the subdivisions of G.L.1956 § 11–5–2 without altering its substantive provisions.

the implement used in the assault was a dangerous weapon *per se*, such as a knife or a loaded gun, *see State v. Mercier*, 415 A.2d 465, 466–67 (R.I.1980), or (b) by establishing that the implement, although not a dangerous weapon *per se*, "was used in such a way that it had the capability of producing serious bodily harm." *Id.* at 467. In this case, the criminal information charged defendant with "assault[ing] Michael Pensa with a dangerous weapon, to wit, a knife, in violation of § 11–5–2."

On appeal, defendant argued that by instructing the jury that "a knife is a dangerous weapon," the trial justice relieved the prosecution of its burden of proving that the assault occurred "with a dangerous weapon" and thereby removed that element from the jury's consideration, in violation of defendant's due process and jury-trial rights. The state responded that (1) defendant waived any constitutional arguments by failing to raise them specifically at trial, and (2) even if defendant's arguments were preserved for review, any error was harmless because defendant did not dispute that Pensa was stabbed with a dangerous weapon.

■ We are of the opinion that the objections of counsel were sufficiently specific to alert the trial justice to the defects in the charge. Moreover, those defects so infected the jury's deliberations as to constitute reversible error. By stating that "a knife is a dangerous weapon" and that "[t]he dangerous weapon caused serious bodily injury and then it shows a substantial risk of death or serious permanent disfigurement," the trial justice not only mischaracterized the elements of the crime, he also effectively removed the "dangerous weapon" element from the jury's consideration. Although "the omission of an element is an error that is subject to harmless-error analysis," *Neder v. United States*, 527 U.S. 1, 15, 119 S.Ct.

1827, 1837, 144 L.Ed.2d 35, 51 (1999), it is preferable that the error not be made. Furthermore, on the basis of the record before us, we cannot conclude "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* (quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710 (1967)).

Accordingly, we sustain the defendant's appeal. We vacate the judgment of conviction and remand the case to the Superior Court for a new trial on the count of assault with a dangerous weapon.