STATE,

v.

Christopher GOLEMBEWSKI.

No. 2000–423–C.A.

Supreme Court of Rhode Island.

Oct. 29, 2002.

Aaron L. Weisman, Providence, for Plaintiff.

Thomas Dickinson, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case (*Golembewski II*) came before the Supreme Court on September 30, 2002, after we granted the state's petition to reargue *State v. Golembewski*, 791 A.2d

468 (R.I.2002) (per curiam) (*Golembewski I*). An order was issued directing the parties to show cause why the issues raised in this reargument should not be summarily decided. In *Golembewski I*, the defendant appealed his conviction for assault with a dangerous weapon, arguing that the trial justice committed reversible error in his instructions to the jury and in denying his motion for a new trial. This Court sustained the defendant's appeal and remanded the case for a new trial. Having considered the record, the parties' memoranda, and the arguments of counsel, we conclude that cause has not been shown, and we vacate the holding in *Golembewski I* in part and remand this case to the Superior Court for another hearing on the defendant's motion for a new trial.

This case arose from an altercation outside the Bookstore Cafe in Providence, Rhode Island, during which Michael Pensa (Pensa) was stabbed several times. *Golembewski I*, 791 A.2d at 469. The defendant maintained at trial that, although he was present during the scuffle, he was not the one who stabbed Pensa. *Id.*

At trial, the justice instructed the jury as follows:

"The elements the state must prove beyond a reasonable doubt are that there was an assault. The state must prove there's a dangerous weapon. I'll tell you now a knife is a dangerous weapon. The dangerous weapon caused serious bodily injury and then it shows a substantial risk of death or serious permanent disfigurement."

At sidebar, defense raised the following objection:

"My only objection is to the last comment the Court made about a knife is a dangerous weapon. There really hasn't been any testimony in this case that a knife was the implement and it is sort of

speculation. Well, I mean Judge there's been no knife. I mean we hear stabbing but there is no evidence it was a knife. It could have been a piece of metal, I mean. That's my objection."

In addition, on appeal, defendant argued that by virtue of the instruction, the trial justice relieved the prosecution of its burden of proving an element of the crime, namely, that the assault occurred "with a dangerous weapon," G.L.1956 § 11–5–2(b),[1] and thereby removed that element from the jury's consideration, in violation of defendant's due process and jury-trial rights. The state responded that (1) defense counsel waived any constitutional arguments by failing to raise them specifically at trial, and (2) even if defendant's arguments had been preserved for review, any instructional error was harmless because defendant did not dispute that Pensa was stabbed with a dangerous weapon.

■ Assuming, without deciding, that defendant preserved the objection and that the trial justice's instructions were erroneous, we are of the opinion that any error was harmless. With respect to harmless error, Super.R.Crim.P. 52 provides: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." An improper instruction on a single element of an offense—an omission, misdescription, or conclusive presumption, for example—is subject to harmless-error analysis. *Neder v. United States,* 527 U.S. 1, 9–10, 119 S.Ct. 1827, 1834, 144 L.Ed.2d 35, 47 (1999). Such an error will be deemed harmless if "it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' " *Id.* at 15, 119 S.Ct. at 1837, 144 L.Ed.2d at 51 (quoting *Chapman v. Cali-*

*fornia,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710 (1967)).

■ In proving its case under § 11–5–2(b), the state may satisfy the "dangerous weapon" element by establishing either that the implement used in the assault was a dangerous weapon *per se,* such as a knife or loaded gun, *State v. Mercier,* 415 A.2d 465, 466 (R.I.1980), or that the implement, if not a dangerous weapon *per se,* "was used in such a way that it had the capability of producing serious bodily harm." *Id.* at 467.

■ At trial, both the state and defendant clearly agreed that Pensa had been "stabbed" in a manner that caused serious bodily harm, and defendant, in fact, specifically mentioned that a knife was used. The defendant's case hinged on the theory of misidentification, namely, that someone other than the defendant did the stabbing, not that there was no stabbing with a knife or dangerous weapon. In fact, defense counsel stated in his opening argument:

"There's no doubt * * * the evidence will show that [defendant] was at the Bookstore Cafe with his friends. The evidence will also show that he wasn't the person who did the stabbing.

"We all agree that * * * Pensa was stabbed. You'll see the pictures. It's awful. Nobody wants to see anybody get hurt, all parties included, but we can't agree who did stab him; that's what your role is going to be whether or not the state can prove beyond a reasonable doubt that [defendant] did this."

Similarly, defense counsel noted how serious the stabbing was in his closing argument: "I mean this guy was cut. You have to feel bad for the guy. It looked

---

1. The 2000 Reenactment redesignated the subsections of G.L.1956 § 11–5–2 without al- tering its substantive provisions.

like it hurt and it looked like it hurt a lot
* * *. * * * There was blood every-
where." Moreover, defense counsel ad-
verted specifically to the use of a knife,
stating: "I can't imagine getting slashed
with a knife. It must be quite an experi-
ence in the heat of the night and all the
excitement."

The prosecution, without objection from
the defense, stated in its closing argument:

"I want to start with what everyone in
this case agrees about and that everyone
agrees, and there's no dispute, there's
no doubt, that Michael Pensa in the
early morning hours of August 23rd of
1998 was stabbed and that he was
stabbed with a dangerous weapon."

Additionally, evidence of a stabbing caus-
ing substantial injury was presented at
trial. David Iannitti, M.D. (Iannitti), testi-
fied that Pensa had "sustained multiple
stab and slash wounds" and that he was
"actively bleeding" from his right armpit
when Iannitti examined him in the emer-
gency room on the night of the stabbing.
The physician also testified that Pensa ex-
hibited signs of "Class 2 shock," indicating
that he had lost 15 to 30 percent of his
blood volume.

Thus, as was the case in *Neder,* the
element that was removed from the jury's
consideration "was uncontested and sup-
ported by overwhelming evidence, such
that the jury verdict would have been the
same absent the error * * *." *Neder,* 527
U.S. at 17, 119 S.Ct. at 1837, 144 L.Ed.2d
at 52. Here, beyond a reasonable doubt,
the omitted element could not have con-
tributed to the verdict. Accordingly, we
conclude that in this instance any instruc-
tional error with respect to that element
was harmless. Therefore, we sustain the
state's position and vacate our holding in
*Golembewski I* on this issue.

 The second contention is whether
defendant is entitled to a new trial. This
Court will affirm the denial of a defen-
dant's motion for a new trial after we have
determined that "the trial justice has com-
plied with the requisite procedure and ar-
ticulated an adequate rationale for denying
a motion for a new trial * * *." *State v.
Otero,* 788 A.2d 469, 472 (R.I.2002) (quot-
ing *State v. Bleau,* 668 A.2d 642, 646 (R.I.
1995)). In deciding whether the justice's
rationale for his decision was adequate, we
examine the trial justice's discussion of
some of the evidence presented at trial.
Significantly, in this case, the justice ap-
peared to focus exclusively on evidence
demonstrating weaknesses in the state's
case:

"Mr. Pensa, the victim, identified the
defendant and said that he thought he
was being scratched but he didn't be-
lieve he had more than about two or
three drinks. Judging from the pictures
of the wound which helped me to believe
he had more than two or three drinks
but he said he grabbed the hand of the
assailant when he jumped on his back
and saw him face-to-face. Mr. Harring-
ton [a witness for the state], who was
some distance away, said that he saw a
person doing stabbing motions standing
up. Mr. Pensa said he was on all fours
when he assaulted him."

The justice was correct to cite what he
found troubling about the state's case, giv-
en our direction that "[i]n deciding a mo-
tion for a new trial, the trial justice acts as
a thirteenth juror and exercises indepen-
dent judgment on the credibility of wit-
nesses and on the weight of the evidence."
*State v. Banach,* 648 A.2d 1363, 1367 (R.I.
1994). Nonetheless, the justice was also
required to explain why these weaknesses
were not so overwhelming that a reason-
able jury could not have come to the deci-
sion it did, especially when the trial justice
noted that he didn't "personally * * *
agree with the jury." Instead, after hav-

ing given an array of reasons that a juror could have used to find the defendant not guilty, he simply stated that he was not convinced that "a reasonable jury could not have come down with the verdict it came down with."

■■ Therefore, we hold that the trial justice erred in giving such a cursory treatment of the evidence that could have sustained the jury's verdict. The primary question before the justice in a new trial motion is "whether the evidence adduced at trial is sufficient for the jury to conclude guilt beyond a reasonable doubt." *State v. Scurry,* 636 A.2d 719, 725 (R.I.1994). When a trial justice denies a new trial motion, we require the justice to "set out in some reasonable manner the material factual evidence * * *, direct or circumstantial, upon which his or her ruling is based." *State v. Vorgvongsa,* 670 A.2d 1250, 1252 (R.I.1996). The trial justice failed to do so in this case.

In sum, although the trial justice was correct to highlight all the evidence he found troubling or doubtful, he nonetheless is required to enunciate a rationale, supported by evidence, for his decision to uphold the jury's verdict. Because the trial justice failed to carry out this step, we remand this case to the Superior Court for rehearing on the defendant's motion for a new trial. At that hearing, the justice must address why any perceived weaknesses were not sufficient to preclude the jury's decision to convict the defendant.

Accordingly, we vacate our holding in *Golembewski I.* We conclude that any error in the trial justice's instruction was harmless beyond a reasonable doubt. Additionally, we remand this case to the Superior Court for a rehearing on the defendant's motion for a new trial.