STATE

v.

Loretta A. GOUGH.

No. 2001–362–C.A.

Supreme Court of Rhode Island.

Dec. 3, 2002.

Aaron L. Weisman, Providence, for Plaintiff.

John M. Verdecchia, Providence, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG, FLANDERS, GOLDBERG and SHEA, (Ret.) JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on October 30, 2002, pursuant to an order that had directed all parties to

appear in order to show cause why the issues raised on this appeal should not summarily be decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown and shall proceed to decide the case at this time.

The defendant in this case, Loretta A. Gough (defendant) appeals from a conviction for assault on her mentally retarded brother-in-law, Bertram Gough (hereinafter Gough or victim).

Gough, who suffers from Down Syndrome, was under the custodial care of defendant and her husband, Gough's brother, at their home from approximately November, 1991 through August 1998. On August 7, 1998, Gough appeared at the workplace of his niece, Victoria Gough Lamoureux (Lamoureux). She observed that Gough was dirty, grossly underweight, disheveled, and unkempt. Gough told her that defendant had handcuffed him to his bed, locked him in the bedroom without food, and abused him with a stun gun. Lamoureux brought Gough to the Warwick police station. After several officers observed scars on Gough's wrists, ankles, and back, arrest warrants were obtained for defendant and her husband. The defendant was charged with three counts of assault upon Gough, and her husband was charged with one count of assault.[1] The defendant was found guilty of one count of assault using handcuffs.

In a motion *in limine*, defendant sought to exclude testimony from Officer David DeAngelis (Officer DeAngelis), who would testify that the marks on Gough's wrists were consistent with improperly applied handcuffs.[2] She asserted that such testimony concerning causation of this nature ought to be presented by a medical expert. The trial justice denied the motion, ruling that testimony about physical observations by a trained officer who frequently makes such observations in the course of his duties is permissible. Over defendant's objection, Officer DeAngelis testified that the marks he had observed on the victim's wrists were consistent with the abrasions appearing on an individual who had been improperly handcuffed or had resisted arrest while being handcuffed.

 A motion *in limine* is widely recognized as a salutary device to avoid the impact of unfairly prejudicial or inadmissible evidence upon the jury. *See BHG, Inc. v. F.A.F., Inc.*, 784 A.2d 884 (R.I. 2001). The determination of admissibility of opinion evidence and qualifying expert witnesses rest "in the sound discretion of the trial justice and will not be disturbed absent a showing of an abuse of that discretion." *Graff v. Motta*, 748 A.2d 249, 252 (R.I.2000) (citing *New Hampshire Insurance Co. v. Rouselle*, 732 A.2d 111, 113 (R.I.1999) (per curiam)); *Leahey v. State*, 121 R.I. 200, 397 A.2d 509 (1979).

 Following the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), this Court has acknowledged its obligation to ensure that all proposed experts are qualified and that all testimony is not only relevant, but reliable. *Raimbeault v. Takeuchi Manufacturing (U.S.), Ltd.*, 772 A.2d 1056 (R.I.2001) (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141, 119 S.Ct. 1167, 1171, 143

---

1. The defendant's husband pled guilty and received a one-year suspended sentence. The defendant pled not guilty and the case proceeded to a trial by jury in the Superior Court.

2. Three officers testified at trial. However, only the testimony of Officer DeAngelis is at issue.

L.Ed.2d 238, 246 (1999) (concluding that "Daubert's * * * 'gatekeeping' obligation—applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge") (citing Fed. R.Evid. 702)). Moreover, "[w]here * * * the witness seeking to testify possesses special knowledge, skill or information about the subject matter acquired by study, observation, practice or experience, then such an individual's opinion may be heard as an aid to the jury in its quest to discover the truth." *State v. Morel,* 676 A.2d 1347, 1355 (R.I.1996) (quoting *State v. Wheeler,* 496 A.2d 1382, 1388 (R.I.1985)).

■ We conclude that the police testimony was properly admitted. Officer DeAngelis had undergone considerable training in the use of hand restraints and taught a course in arrest techniques. Moreover, during his five years working for the Warwick Police Department, Officer DeAngelis had arrested 400 to 600 suspects, and had frequently observed the physical scarring that result from the improper use of handcuffs. Based on the witness's training and experience, we are of the opinion that the trial justice did not abuse her discretion in allowing Officer DeAngelis to draw conclusions about the cause of Gough's wrist injuries.

■ The defendant's second issue is that Officer DeAngelis's testimony inappropriately bolstered Gough's credibility. "The determination of the truthfulness or credibility of a witness lies within the exclusive province of the jury." *State v. Haslam,* 663 A.2d 902, 905 (R.I.1995). In denying defendant's motion *in limine,* the trial justice ruled that the facts at bar are distinguishable from our line of cases ruling that a witness is not permitted to offer an opinion about the truthfulness or accuracy of another witness's testimony, even if that opinion does not literally address the other witness's credibility. *See State v. Webber,* 716 A.2d 738 (R.I.1998); *In re Jessica C.,* 690 A.2d 1357 (R.I.1997); *State v. Haslam,* 663 A.2d 902 (R.I.1995). We agree. In *Haslam,* this Court concluded that testimony from the victims' therapists revealing that the nature of the treatment was sexual-abuse therapy constituted impermissible vouching for the credibility of the complaining witnesses. *Haslam,* 663 A.2d at 905. In another child molestation case, testimony about hearsay statements made to the witnesses during the course of their investigation also constituted impermissible vouching of the victim's credibility. *In re Jessica C.,* 690 A.2d at 1363. In both cases, the testifying witness had no firsthand knowledge of the abuse.

■ In this case, Officer DeAngelis observed the physical manifestation of what he believed, based on his considerable knowledge and experience, was a result of the misuse of handcuffs. Moreover, a photograph of the circular marks on Gough's wrists was admitted into evidence. The jury was assisted with enough facts upon which the officer's opinion was based to assess whether the conclusions drawn possessed sufficient probative force or, rather, were grounded in mere speculation or conjecture. *See State v. Bettencourt,* 723 A.2d 1101, 1112 (R.I.1999) (citing *DeChristofaro v. Machala,* 685 A.2d 258, 267 (R.I.1996)). Thus, the trial justice did not abuse her discretion in permitting this testimony.

■ The defendant also appeals the denial of her motion for a new trial, asserting that there was no basis in the evidence to support the jury's finding. In considering a motion for a new trial, the trial justice must act as a thirteenth juror and exercise independent judgment on the credibility of witnesses and on the weight of the evidence. *See State v. Golembewski,* 791 A.2d 468, 470 (R.I.2002) (per cu-

riam). However, the trial justice does not need to refer to all the evidence supporting the decision, but "need only cite evidence sufficient to allow this [C]ourt to discern whether the justice has applied the appropriate standards." *State v. Kaba,* 798 A.2d 383, 390 (R.I.2002) (quoting *State v. Otero,* 788 A.2d 469, 472 (R.I.2002)). This Court on review "will not second-guess the trial justice's decision 'unless the decision is clearly wrong or unless the trial justice, in reviewing the evidence, overlooked or misconceived relevant and material evidence.'" *State v. Doctor,* 690 A.2d 321, 329 (R.I.1997) (quoting *State v. Estrada,* 537 A.2d 983, 986 (R.I.1988)).

■ The motion for a new trial was appropriately denied. The defendant presented several witnesses on her behalf, including doctors who treated Gough from 1993 through 1999 and on the night of August 7, 1998. They testified that the victim did not complain of injuries to his wrists and ankles, or of receiving electric shocks to his back. However, these doctors could not rule out the purported abuse because their examinations were limited to psychiatric evaluations or other unrelated matters. The trial justice concluded that the victim's testimony was credible because he was a man "of simple thought and of sincerity" who lacked the ability to concoct these allegations. Moreover, his testimony was corroborated by the testimony of Lamoureux and Officer DeAngelis. After reviewing the evidence and finding Gough to be credible, the court concluded that "reasonable minds could differ in this matter." The trial justice neither overlooked nor misconceived material evidence, nor was she clearly wrong in denying the defendant's motion for a new trial.

For these reasons the appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of this case are remanded to the Superior Court.